JOSEPH K. RUSSELL *et al.*

*v.*

JAMES L. GILLMORE.

1. PLEADING — *when the plaintiff must declare specially.* A recovery can not be had in an action for money had and received, on a special contract, the breach of which is the *gravamen* of the action.

2. So there can be no recovery in an action of general *indebitatus* assumpsit where the claim is upon a warranty of a chattel, for such a declaration would not apprise the defendant of the matter he is to defend. In such case, the plaintiff should count specially on the contract.

APPEAL from the Circuit Court of Effingham county; the Hon. HIRAM B. DECIUS, Judge, presiding.

In 1866, James L. Gillmore, plaintiff in this case, went to one Burke, agent of the defendants, to buy a mower. Burke offered him a "Russell mower" for $130. Gillmore offered five dollars less. They could not agree, but, after awhile, one Jay N. Faulk told Gillmore that Burke was owing him fifty or sixty dollars, and that he, Faulk, would buy the mower, cut one meadow, turn in what Burke was owing him, and then turn over the machine to Gillmore for what he had offered Burke ($125). This arrangement was made, and Faulk got the mower, turned in his account and paid the balance in money to Burke. Faulk mowed one meadow of from three to five

acres and then turned over the machine to Gillmore, charging him $125, which was paid. The sickles of the mower broke so that Gillmore could not use it, and he got another mower to finish his haying. Before the commencement of the haying season of 1867, nearly a year after the sale, Gillmore came to Burke and complained about the breaking of the sickles, and Burke wrote to L. Q. Sherwood, general agent of defendants, to send two new sickles, which was done. These sickles broke, and after the haying season of 1867, Gillmore brought the mower to Edgewood, by the direction or suggestion of Burke, for examination by the general agent. Soon after, Burke told Gillmore that the agent said the fault was not in the mower, and he would do nothing about it. Gillmore then refused to have anything more to do with the machine, and left it standing in the street at Edgewood, in front of Burke's office, and brought this action to recover the price paid therefor.

Messrs. WOOD & BARLOW, for the appellants.

Mr. W. B. COOPER and Mr. W. H. GILLMORE, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit on the common counts, commenced by attachment in the Effingham circuit court, by James L. Gillmore, against Joseph K. Russell and others, and a verdict and judgment for the plaintiff. The record is brought here by the defendants, by appeal.

Several questions are raised by the assignment of errors, which have been duly considered.

The first is, can a plaintiff, on the facts appearing in this case, maintain an action of assumpsit on the common counts only?

It is argued by appellee, that the action for money had and received, is a great favorite with courts, and the views expressed

by that great luminary of the law, Lord MANSFIELD, in favor of that action, are quoted at length. But that is not the action in this record. This is an action of *indebitatus* assumpsit for goods, wares and merchandise; for labor, service and materials, and on the money counts, and on an account stated. The action for money had and received, which that distinguished jurist so lauded, was, technically an action for money had and received, and for nothing else, and in which the plaintiff recovered on the justice and equity of his case. It was never allowed to a plaintiff to recover in such action, in a case where there was a special contract, the breach of which was the *gravamen* of the action.

If there was any undertaking by the appellants of which appellee could avail, it must have arisen out of the alleged warranty of the mower, and that being the foundation of the action, the appellee should have declared specially upon it, claiming damages for a breach of it. The books furnish no precedent of a recovery in an action of general *indebitatus* assumpsit, where the claim is upon a warranty of a chattel, for the plain reason that such a declaration would not apprise the defendant of the matter he is to defend. As was said by the court in *Towers* v. *Barrett*, 1 T. R. 133, "when the demand arises on a special contract, it should be put on the record." The cases cited by appellee are cases where property was purchased and paid for, on an agreement that it should be returned in a certain time, if not suitable or answering the warranty. Hence the expression of Lord MANSFIELD in that case, "the defendant has got his chaise again, and notwithstanding that he keeps the money."

If there was a warranty of the property, and appellee insists there was, then it is clear the declaration should have counted on it. *Stroud* v. *Wilkins*, Doug. 18. The action of general *indebitatus* assumpsit, containing only the common counts, is an improper action to try a warranty. *Power* v. *Wells*, Cowp. 818.

The appellee also insists, not only there was a warranty, but that he returned the property to appellants' agent.

We do not think the facts proved show the one or the other.

In the first place, appellee did not purchase the machine of appellants, nor was there any privity between them established. He purchased of Faulk, and paid him the money for it. There is no proof whatever that it was warranted to Faulk, and certainly none to appellee, at or before the purchase. In the next place, the machine was not returned to appellants. It was brought to Edgewood, that it might be examined by the general agent, who did examine it, and pronounced the fault to be, not in the machine, but in its management, and it was left in the street by appellee, and this without the assent of Burke, the vendor.

That a recovery under such circumstances can not be had on the declaration in the case, under the proof, is too clear for argument. And what is more conclusive, is the fact that appellants are not proved ever to have received of appellee any money for the machine, while the proof is, appellee bought it of Faulk, and paid him for it. The idea that Faulk purchased, as the agent of appellee, is absurd. He bought it and paid for it with his own money, for his own use, and having used it in his own haying, he afterwards sold it to appellee. There does not appear to be any ground for a recovery by the appellee, as he has declared. Nor does the proof show the machine was not a good one. Appellee had it in his possession more than a year before he brought it to Edgewood. What injury it may have received while in his possession, whether exposed to the weather or not during the winter season and the rains of spring, is unknown. The sickles may have broken from unevenness of the ground over which it was worked, or from bad management. That they broke, is no evidence the machine was not a good one.

As the case is presented by this record, we see no ground for a recovery by appellee, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*