Rollins et al. v. Duffy.

Alonzo W. Rollins et al.

v.

Owen Duffy.

1. Pleadings—Common counts.—The common counts can not be resorted to when there is a special contract and the breach of the contract is the *gravamen* of the action. In such cases, the plaintiff must declare specially. But when the contract has been completely executed, so that only a duty to pay the money remains, a recovery may be had under the common counts in *indebitatus* assumpsit.

2. Special plea, when necessary.—Where the claim of appellee was not to enforce payment of moneys actually received by appellants on a sale of certain goods, but to compel them to respond in damages for the amount appellee lost, by reason of their breach of contract, appellee should have advised appellants by a special plea of the grounds of such claim and it was not admissible under the common counts.

3. Evidence—Offers to compromise.—The declarations of a party made after the transaction is closed, and which are merely a recital of the transaction, such as the party then chooses to give, and especially, offers by him to compromise, can not be used by him as evidence in his own favor.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding. Opinion filed December 21, 1883.

This was an action of assumpsit by appellants against appellee, to recover an over-draft of $494.95, made on them by appellee, and by them paid. Appellants were commission men, doing business in Chicago, and appellee is the proprietor of the Leavenworth Woolen Mills, at Leavenworth, Kansas. In September, 1881, appellee was in Chicago, and had a conversation with appellant, Shaw, in relation to appellant's selling for him some woolen blankets, samples of which he

had prior to that date sent them. As the result of that conversation, 553 blankets were shipped by appellee to appellants, and by them, as commission merchants, were sold during the month of October, 1881, to various parties, and an account of the sales of the same was made out at the end of the month and forwarded to appellee.

During the same month, a second consignment of 500 blankets was made to appellants in response to a letter written by them to appellee, which said consignment was received the latter part of said month. Appellee' drew drafts upon appellants of $2,500, October 8th, and $1,500 October 17th, which were paid.

After paying the last draft, appellants notified appellee that he had overdrawn, and that they did not hold goods enough to make the deficit good. The last consignment of blankets, owing to the dullness of the market, were not sold that season, but were carried over to 1882, when appellants were obliged to sell them at a greatly reduced price.

Appellants claim that they received the blankets as commission men, to sell and dispose of to the best advantage, and that they have sold and disposed of them at the highest market prices. Appellee claims that he made a special contract with appellants, September 20, 1881, in and by which appellants guaranteed a sale of the blankets to net him forty-eight cents per pound over and above all expenses. Appellee filed a plea of set-off containing only the common counts, and under said plea claimed as a balance due him from appellants, $179.

The case was tried -by a jury, resulting in a verdict for appellee for $179, for which he had judgment. The plaintiff's motion for a new trial being overruled, they appealed to this court.

Mr. Frank S. Weigley, for appellants; that when there is a special contract, and the breach of the contract is the *gravamen* of the action, plaintiff must declare specially, cited Russell v. Gilmore, 54 Ill. 149; Phœnix M. L. Ins. Co. v. Baker, 85 Ill. 414; 1 Chitty on Pl. 387.

A special agreement for the exchange of notes, with a war-

Rollins et al. v. Duffy.

ranty of the note exchanged, can not be given in evidence in support of the money counts: Richardson v. Smith, 8 Johns. 43ⱼ; Markley v. Withers, 4 T. B. Monr. 15; Spratt v. McKinney, 1 Bibb, 597; Morris v. Cleasby, 4 M. & Sel. 566; Tracey v. Rogers, 69 Ill. 662.

Where a factor sells below the price named in the instructions, in an action by the principal for the wrongful sale, it is competent for the factor to show, in reduction of the damages, that the goods at the time of the sale and down to the time of trial were worth no more than the price at which they were sold: Blot v. Boiceau, 3 Comst. 78; Frothingham v. Evertom, 12 N. H. 239; Parker v. Braucker, 22 Pick. 45; Brown v. McGraw, 14 Pet. 494; Field v. Farmington, 10 Wall. 149; Austin v. Crawford, 7 Ala. 342; Ainsworth v. Partillo, 13 Ala. 460; Hilton v. Vanderbilt, 82 N. Y. 591; Blair v. Childs, 10 Heisk. 199; Beadles v. Hartmus, 7 Baxt. 476.

Declarations and statements of a party made after the transaction was had, and which are merely a recital of such transaction as such party then chooses to relate, and offers by him to compromise, etc., can not be used by him in his own favor: Wilson v. Sherlock, 36 Me. 297; Small v. Gilman, 48 Me. 515; Banfield v. Parker, 36 N. H. 358; Salem v. Lynn, 13 Met. 544; Johnson v. Sherwin, 3 Gray, 374; Young v. Commonwealth, 28 Penn. 501; State v. Black, 6 Jones L. 510; Rutland v. Haythorne, 36 Ga. 380; Webb v. Kelly, 37 Ala. 340; Hall v. State, 40 Ala. 706; Brand v. Abbott, 42 Ala. 501; Simmons v. Norwood, 21 La. Ann. 421; Gardner v. The People, 3 Scam. 83.

Mr. Edward F. Comstock, for appellee; that the objection as to the introduction of evidence to prove a special contract, can not be raised for the first time in this court, cited Wilhelm v. The People, 72 Ill. 468; Hartford Ins. Co. v. Farrish, 73 Ill. 166; Brannan v. Strauss, 75 Ill. 234; Drury v. Dungan, 2 Bradwell, 15.

Wilson, J. The principal contention in the trial court was, as to whether appellants guaranteed a sale of the blankets, as

claimed by appellee, at a price that should net him forty-eight cents, or whether the blankets were to be sold by appellants, as claimed by them, on commission, for the best price they could get. On this question the evidence was conflicting, and the jury having found for appellee, we must assume, for the purpose of the present appeal, that they adopted his theory of the case. At forty-eight cents per blanket, the two drafts for $2,500 and $1,500, respectively, drawn by appellee on appellants, were more than paid by the sum of $179, the amount found by the jury in appellee's favor. The first question, therefore, to be considered, is whether appellee was entitled to judgment for such balance, under his plea of set-off.

The plea contains the usual averments of the common counts in a declaration in *indebitatus* assumpsit, for goods sold and delivered, materials furnished, money had and received, money due on an account stated, etc. Under this plea appellee seeks to recover damages for the breach of a special contract, the substance of which is as stated above.

The general rule is that the common counts can not be resorted to when there is a special contract, and the breach of the contract is the *gravamen* of the action. In such cases the plaintiff must declare specially. But where the contract has been completely executed, so that only a duty to pay the money remains, a recovery may be had under the common counts in *indebitatus* assumpsit. Russell v. Gillmore, 54 Ill. 149; 1 Chit. Pl. 340; Perkins v. Hart, 11 Wheat. 237; Jewell v. Schroeppel, 4 Cow. 564; 2 Phil. Ev. 83, in notes; 2 Greenl. Ev. § 104. If the blankets had been sold at the guaranteed price, leaving nothing to be done but the payment of the money, resort might have been had to the common counts. There is no sufficient ground in the evidence for claiming that the blankets were *sold* to appellants. Indeed, such is not appellee's theory of the case. His position is that the blankets were shipped to appellants under a contract that they were to be sold by them at a price that should be sufficient to net appellee forty-eight cents, appellants guaranteeing that they should be so sold. The claim is not to enforce payment of moneys actually received by appellants on a sale of the goods,

Rollins et al. v. Duffy.

but to compel them to respond in damages for the amount appellee lost by reason of their breach of the contract. We think appellee should have advised them by a special plea of the grounds of such claim, and that it was not admissible under the common counts.

The court, against the objection and exceptions of appellants, admitted in evidence the testimony of appellee, detailing a conversation had by him with appellant Rollins, as to his efforts to get appellants to compromise or submit their differences to arbitration, saying, among other things, that if he owed them a dollar he wanted to pay it, and pay it quick; that he had always paid every dollar he owed, but that he felt he ought to do what he could to protect himself in this matter, and that he could not willingly pay more than what was right according to their agreement; that he appealed to him, and begged him to submit the matter to arbitration; that Rollins expressed his surprise at the position of affairs but said he had had trouble with his partners and could not interfere. The court, also, against the objection of appellants, admitted in evidence letters written by appellee to appellants in relation to attempted compromises, and containing charges of unfairness, offers to submit to arbitration, etc. This testimony did not tend to prove or disprove any issue in the case, and was clearly inadmissible. Its manifest tendency was to prejudice the minds of the jury against appellants and in favor of appellee. Moreover, it was not the admissions of his adversary, but was appellee's own statement and declarations, made long after the difficulties between the parties arose; nor was it any part of the *res gestœ* of the original transaction. It does not need the citation of authorities to show that the declarations of a party made after the transaction is closed, and which are merely a recital of the transaction, such as the party then chooses to give, and especially, offers by him to compromise, can not be used by him as evidence in his own favor.

For the errors indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.