## The Mutual Accident Association of the Northwest

### *v.*

### Emma A. Tuggle.

*Filed at Springfield November 2, 1891.*

1.  INSURANCE—*assessment indemnity association—certificate of membership construed.* A certificate of membership issued by an accident association to the wife of a member, provided for the payment to her of "the principal sum represented by the payment of two dollars by each member in Division A of the association, as provided in its by-laws, (which sum, however, is not to exceed $5000,) to be paid to Mrs. T., wife," etc.: *Held,* that the certificate could not be construed as an absolute promise to pay the wife $5000, or any other definite sum.

2.  PLEADING—*declaration on certificate in assessment indemnity association.* A declaration upon a certificate of membership in an accident association, promising to pay to the widow of a deceased member "the principal sum represented by the payment of two dollars by each member in Division A,  * * *  not to exceed $5000," without stating the number of members in Division A, and without any averment of what is the principal sum represented by the payment of two dollars by each member in such division, or any averment of any facts from which the amount of that sum can be certainly determined, is fatally defective, on general demurrer.

3.  SAME—*declaration in actions ex contractu.* In actions *ex contractu* the declaration must distinctly state the nature and essential points of the contract, either in the terms of it, or in substance and according to its legal effect, together with the breach.

4.  SAME—*general demurrer.* A general demurrer lies when the pleading is defective in substance, and it need not allege or point out any particular cause or specific defect in the pleading to which it applies.

5.  PRACTICE—*amendments.* Section 24 of the Practice act, (chap. 110,) which provides that "at any time before final judgment in a civil suit, amendments may be allowed in any matters, either of form or substance,  * * *  on such terms as are just and reasonable," was not intended to place formal and substantial errors on the same footing, and require all demurrers thereafter to be special. On the contrary, section 3 of chapter 7 of the Revised Statutes, and section 6 of the same chapter, preserve the distinction between general and special demurrers.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Mc-Donough county; the Hon. CHARLES J. SCOFIELD, Judge, presiding.

Mr. ALBERT H. VEEDER, and Mr. MASON B. LOOMIS, for the appellant:

When the certificate provides for the payment, not of a sum certain, but of the amount realized from an assessment upon the members of the association, not exceeding a certain sum, no recovery can be had without proof of the amount that would have been realized upon the assessment.   *Martin* v. *Accident Ass.* 55 Hun, 574; *Earnshaw* v. *Aid Society,* 68 Md. 465.

The declaration, among other averments, must charge a failure or refusal to make the assessment; that if such assessment had been duly made, it would have resulted in the collection of the full amount called for by the certificate, and claim that sum for damages for such failure or refusal.   If either of these averments is omitted, the declaration is fatally defective.   Bacon on Benefit Societies and Life Ins. sec. 453; *Earnshaw* v. *Aid Society,* 68 Md. 465; *Curtis* v. *Benefit Life Co.* 48 Conn. 98; *O'Brien* v. *Benefit Ass.* 46 Hun, 426; *Smith* v. *Covenant Ass.* 24 Fed. Rep. 685; *In re Solidarite Mutual Benefit Ass.* 68 Cal. 392.

In the case of *Ring* v. *United States Life and Accident Ass.* 33 Ill. App. 168, the court say:   "Where the contract is that the corporation shall make an assessment, and pay over the proceeds, not exceeding a certain amount, it is well settled that the declaration must charge a failure or refusal to make the assessment, and that if such assessment had been made it would have resulted in the amount which plaintiff claims as damages."   *Life Ass. Co.* v. *Hagler,* 23 Ill. App. 457; *Accident Society* v. *Miller,* id. 341, and other cases.

Section 24 of the Practice act has not done away with the common law distinction between general and special demur-

rers. A general demurrer is sufficient to reach defects of substance in a pleading. *People* v. *Weber*, 92 Ill. 288; *Lindley* v. *Miller*, 67 id. 241; *Order of Mutual Aid* v. *Paine*, 17 Ill. App. 573; *Life Ins. Co.* v. *Kellogg*, 82 id. 614.

The motion in arrest of judgment should have been sustained. *Accident Society* v. *Miller*, 23 Ill. App. 341; *Insurance Co.* v. *Treasury Bank*, 61 Ill. 485; *Kipp* v. *Lichtenstein*, 79 id. 358; *Wilson* v. *Myrick*, 26 id. 35; *Schofield* v. *Settley*, 31 id. 515; *Haynes* v. *Lucas*, 50 id. 436.

Messrs. HARRIS & MICKEY, and Messrs. PRENTIS & BAILEY, for the appellee:

The objection to the declaration is made for the first time in the Appellate Court. The particular point in which it is claimed the variance consists should have been specifically alleged in the demurrer, and pointed out to the circuit court by the counsel for appellant. *Benevolent Society* v. *Fietsam*, 97 Ill. 474; *Railroad Co.* v. *Morgan*, 69 id. 492; *Thielman* v. *Carr*, 75 id. 385; *Buntain* v. *Bailey*, 27 id. 410; *Clauser* v. *Stone*, 29 id. 115; *McCartney* v. *Shepard*, 21 Mo. 577; *Life Ins. Co.* v. *Kellogg*, 82 Ill. 614.

Under section 24 of the Practice act, the defect complained of, if any, might have been obviated by amendment. *Railroad Co.* v. *Estes*, 96 Ill. 470; *Horne* v. *Walton*, 117 id. 130; *Elgin* v. *Kimball*, 90 id. 356.

Where the society agrees to pay the beneficiary as many dollars as there are members of the society at the time of his death, there is nothing in such a contract suggestive of the idea that defendant's liability is dependent upon collections received from an assessment. And a complaint or declaration upon it states a cause of action, although it neither alleges the actual receipt of money upon an assessment to meet the loss, or a neglect to make such assessment. *Mutual Aid* v. *Houghton*, 103 Ind. 286; *Meskerm* v. *Legacy Ass.* 30 Minn. 406; *Lueders* v. *Life Ins. Co.* 12 Fed. Rep. 465; *Suppiger* v.

*Benefit Ass.* 20 Ill. App. 595; Niblack on Mutual Benefit So-
cieties, secs. 386, 397, 401, 401 a; also, 409-411.'

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is assumpsit by appellee, against appellant, on a cer-
tificate issued by the latter, so much whereof as is pertinent
to the questions discussed in argument being as follows:

"This certificate witnesseth, that the Mutual Accident As-
sociation of the Northwest, in consideration of the warranties
and agreements made to it in the application for membership
and of the sum of two dollars, do hereby accept Charles W.
Tuggle, by occupation, profession or employment a traveling
salesman, residing in Colchester, State of Illinois, as a mem-
ber in Division A of said association, subject to all the re-
quirements and entitled to all the benefits thereof, the principal
sum represented by the payment of two dollars by each mem-
ber in Division A of the association, as provided in its by-laws
(which sum, however, is not to exceed $5000,) to be paid to
Mrs. Tuggle, wife, if surviving, (in event of the prior death of
said beneficiaries, and of the survivor of them, said sum shall
be paid as provided in said by-laws,) within sixty days after
sufficient proof that said member, at any time within the con-
tinuance of his membership, shall have sustained bodily inju-
ries, received by or through external, violent and accidental
means, within the intent and meaning of the certificate of or-
ganization of said association, and of its by-laws and the con-
ditions hereunto annexed, and such injuries alone shall have
occasioned death within ninety days from the happening
thereof."

There are three counts in the declaration. In the first, this,
policy is set out *in hæc verba.* In each of the other two counts
it is referred to and made part of the count as thus set out *in*
*hæc verba* in the first count. In each count it is declared upon
as an absolute promise to pay $5000. In neither count is

there any averment of the number of members in Division A of the association, nor is there in either count any averment of what is "the principal sum represented by the payment of two dollars by each member in Division A of the association, as provided in its by-laws," or any averment of any fact from which the amount of that sum can be certainly determined. Appellant demurred, generally, to each count of the declaration, but the court overruled the demurrer, and appellant electing to stand by its demurrer, appellee's damages were assessed by the jury at $5000, for which the court gave judgment. Appellant then moved in arrest of judgment, but the court overruled the motion.  These rulings present the only questions for our determination.

It is impossible to construe this certificate as an absolute promise to pay $5000, for its clear and explicit language is only that "the principal sum represented by the payment of two dollars by each member in Division A of the association, *  *  *  to be paid to Mrs. Tuggle, wife," etc.; and there is no other language, either directly or indirectly, promising to pay her any other sum.  The words omitted, where we have placed stars, are not a promise to pay, but a restriction of the amount promised, by the language *supra*, to be paid.  They say, "which sum,"—that is, "the principal sum represented by the payment of two dollars by each member in Division A of the association,"—is not to *exceed,* not that it shall be, $5000. And since each member is to pay but two dollars, it must follow, if the designated membership shall fall short of two thousand five hundred, the amount promised to be paid is less than $5000.  But how is it possible for the court to know what is the number of members in Division A of the association?  And without that knowledge there is nothing to justify an assessment of any sum as damages.  The familiar rule is, in actions *ex contractu* the declaration must distinctly state the nature and essential points of the contract, either in the terms of it or in substance, and according to its *legal* effect,

together with the breach. Gould's Pleading, chap. 4, sec. 27; *Hart* v. *Tolman*, 1 Gilm. 1; *Murphy* v. *Summerville*, 2 id. 360.

We think each count was defective in not averring facts from which the sum provided to be paid can be determined with certainty. *Beneficial Society* v. *White*, 30 N. J. L. 313, and *Martin* v. *Equitable Accident Ass.* 55 Hun, 574, are in point, and sustain this view.

But this specific defect in the declaration was not pointed out, and it is contended that it is therefore waived. But general demurrers do not allege any particular cause, (1 Chitty's Pl. 663,) and they lie where the pleading is defective in substance. (Ibid.) There was therefore no necessity, here, that this specific defect should have been pointed out by the demurrer. We can only know what the record shows, and it shows only the filing and overruling of a general demurrer. It is true that by section 24, chapter 110, of our Practice act, (Rev. Stat. 1874, p. 778,) it is provided that "at any time before final judgment in a civil suit, amendments may be allowed * * * in any matter, either of form or substance;" but this is only "on such terms as are just and reasonable," and it is clear that it was not intended to place formal and substantial errors on the same ground, and to require all demurrers thereafter to be special, for in the Statute of Amendments and Jeofails, adopted at the same time, (Rev. Stat. 1874, chap. 7, p. 137,) it is provided, in section 3, that "no judgment shall be reversed in the Supreme Court for mere error in form, if the judgment be for the true amount of indebtedness or damages," which, of course, would have to be disclosed by the record; and in section 6, clause 9, "judgment shall not be arrested or stayed, after verdict, * * * for the want of any allegation or averment, on account of which omission a special demurrer could have been sustained," thus implying that it might be for causes as to which a general demurrer could have been sustained, and also preserving the distinction between general and special demurrers.

28—138 ILL.

We feel compelled to hold that the courts below erred in not sustaining the demurrer to the declaration. The judgments of the Appellate and circuit courts are therefore reversed, and the cause is remanded to the circuit court, with direction to that court to sustain the demurrer to each count of the declaration, and thereupon to allow appellee to amend the same, if she shall so desire.

*Judgment reversed.*