## Concordia Fire Ins. Co. v. P. H. Heffron.

1. INSURANCE—*Oral Contracts.*—An action will lie upon an oral contract of insurance.

2. SAME—*An Oral Contract Will Sustain an Action.*—An oral contract of insurance will sustain an action, although no express agreement is made as to the amount of premium to be paid or the duration of the policy, if the intention of the parties to the contract in these particulars can be gathered from the circumstances of the case.

3. PRACTICE—*Recovery Under the Common Counts.*—A recovery upon an oral contract of insurance can not be had under the common counts; a special count is necessary.

4. CONSTRUCTION OF CONTRACTS—*Meaning of "Memorandum."*—A memorandum that a subject "is insured" or "shall stand insured," means that it is insured, or shall be so, according to the ordinary form of policy used in the office when the memorandum is made.

Assumpsit, on an oral contract of insurance. Trial in the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Finding and judgment for plaintiff; appeal by defendant. Heard in this court at the March term, 1899. Reversed and remanded. Opinion filed October 19, 1899.

Statement.—This suit is brought upon an alleged oral contract to insure against loss by fire. Appellee, through one Jennings, an insurance agent, applied to Funkhauser, who represented the appellant company, to place insurance to the amount of $4,000 upon whisky owned by appellee and located in Glenmore warehouse at Owensboro, Kentucky. Funkhauser replied, "All right," and turning to a map, inquired of Jennings as to which of the Glenmore

warehouses contained the whisky to be insured.    Jennings answered that he did not know, and Funkhauser then requested him to ascertain and inform him, stating that he would hold the goods " covered " in ' the Concordia." Jennings testified that Funkhauser then made a memorandum of some kind.    Before anything further was done between the parties a fire occurred and the goods were destroyed.

There was evidence tending to show that the Glenmore warehouses consisted of but one building, under one roof, divided by partitions into compartments, which were known as Warehouse A, Warehouse B and Warehouse C.    There was other evidence tending to show that the several warehouses in question were detached and separate buildings.

Jennings testified that he had been in the insurance business twenty-five years, and testified further, as follows:

" Q.    Do you know whether there is any general custom among insurance people as to the time insurance policy is to run ?    A.    I do.

Q.    Now you may state what that general custom is ?    A.    It was assumed that the policy is to issue for a year."

There was evidence tending to show a waiver of proofs of loss; the refusal of the appellant to pay the loss was made upon the ground that there had been no contract of insurance effected.

The declaration consisted of the common counts only.

A jury was waived and the cause was submitted to the court.    The court found the issues for the plaintiff, appellee, assessed his damages and entered judgment.    From that judgment this appeal is prosecuted.

BATES & HARDING, attorneys for appellant.

GRAHAM H. HARRIS, attorney for appellee.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

That an action will lie upon an oral contract of insurance seems to be settled.    Hartford Fire Ins. Co. v. Wilcox, 57

Ill. 180; Hartford Fire Ins. Co. v. Farrish, 73 Ill. 166; Firemen's Ins. Co. v. Kuessner, 164 Ill. 275.

And it has been held that such an oral contract will sustain an action although no express agreement was made as to the amount of premium to be paid or the duration of the policy, if the intention of the parties to the contract in these particulars can be gathered from the circumstances of the case. 1 Joyce on Insurance, Secs. 46, 47, 48, 49 and 50; Audubon v. Excelsior Ins. Co., 27 N. Y 216; Winne v. Niagara F. Ins. Co., 91 N Y. 185; Boice v Thames Ins. Co., 38 Hun, 246; Walker v. Met. Ins. Co., 56 Me. 371; Home Ins. Co. v. Adler, 71 Ala. 516; Scammell v. China M. Ins. Co., 164 Mass. 341.

But it is contended by counsel for appellant that no recovery could be had under the common counts upon the evidence here presented, and that a special count was necessary. We are of opinion that the contention is sound, and that the recovery here should not have been permitted under the common counts. 4 Joyce on Ins., Sec. 3665, *et seq.*; Towers v. Barrett, 1 T. R. 133; Russell v. Gilmore, 54 Ill. 147; Rockford Ins. Co. v. Nelson, 65 Ill. 415; Mut. Accident Ass'n v. Tuggle, 138 Ill. 428; Sup. Lodge, etc., v. Meister, 78 Ill. App. 649.

The evidence is not satisfactory as to the circumstances of this alleged contract. It is shown that Funkhauser, the agent of appellant, made a memorandum of the transaction, but there is no evidence as to what the memorandum was, in form or substance. Funkhauser was not called as a witness. If the suit is based upon a contract, as evidenced by such memorandum, the pleadings required might be different from such as would be necessary upon a mere oral undertaking of insurance. 1 Phillips on Ins., 15; Ins. Co. v. Mordecai, 22 How. 111; De Grove v. Met. Ins. Co., 61 N. Y. 594; Barre v. The C. B. Ins. Co., 76 Ia. 609; Salisbury v. Hekla F. Ins. Co., 32 Minn. 458.

The rule announced by these authorities is that " a memorandum that a subject ' is insured,' or ' shall stand insured,' means that it is insured, or shall be so, according to the

ordinary form of policy used in the office when the memorandum is made."

In Firemen's Ins. Co. v. Kuessner, *supra*, the recovery was had under a special count upon the oral contract, and in Commercial Ins. Co. v. Hallock, 3 Dutch. (N. J.) 645, cited in Firemen's Ins. Co. v. Kuessner, the recovery was under a special count setting up terms of a policy, though none was delivered to the insured.

Appropriate objection was made by counsel for appellant to the admission of the evidence under the declaration as framed, and exception was preserved to the ruling of the trial court in this behalf. The objection was renewed at the close of the trial, and was presented in the form of a proposition of law, which the court marked "refused." Because of the insufficiency of the declaration to warrant the admission of evidence of the contract relied upon, the judgment is reversed and the cause is remanded.