## Rochester German Ins. Co. v. P. H. Heffron.

1. PLEADING—*Conditions Precedent and Subsequent.*—The general rule is that where there are conditions precedent to a right of recovery, such conditions should be set out in the declaration and their performance averred, or that the performance of the same has been waived. Conditions subsequent to a right of recovery may be left to be set up as a defense.

2. SAME—*Policies of Insurance Inadmissible Under the Common Counts.*—A policy of insurance is not admissible under a declaration containing only the common counts. It must be specially pleaded.

Assumpsit, on a policy of insurance. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded. Opinion filed June 19, 1900.

BATES & HARDING, attorneys for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This suit was brought by appellee against appellant to recover upon an insurance policy, for a loss by fire. The only declaration filed consists of the common counts. To said declaration appellant filed a plea of the general issue. At the trial the first evidence offered was a paper identified as a policy of fire insurance issued by appellant to appellee. Appellant objected thereto upon the ground that

said policy was not admissible under said declaration. Said objection was overruled and the policy admitted in evidence, to which the appellee duly accepted. It was thereupon agreed by counsel and assented to by the court, that to save the necessity of repeated objections and rulings, all evidence in regard to the policy and in regard to the loss should be considered as objected to and the objection overruled and exceptions duly preserved.

The only question which we deem it necessary to consider in this case is whether the evidence offered should have been admitted under the declaration which consisted of the common counts and nothing more.

The general rule is that where there are conditions precedent to a right of recovery, such conditions should be set out in a declaration and their performance averred, or that the performance thereof had been waived. Conditions subsequent to a right of recovery may be left to be set up as a defense. (Rockford Ins. Co. v. Nelson, 65 Ill. 415, 418.)

No reason is apparent, taking this case out of the general rule. As was stated by this court in Supreme Lodge, etc., v. Meister, 78 Ill. App. 649, 653:

"So far as we have observed, there is no case in Illinois in which a recovery upon an insurance policy, or a mutual benefit certificate, has been sustained in the absence of a special count."

The case of Concordia Fire Ins. Co. v. Heffron, 84 Ill. App. 610, was one in which the same plaintiff brought suit to recover for a loss by reason of the same fire, and the parties there were represented by the same counsel who appeared in the court below in the case at bar. It was there held that a recovery should not have been permitted under the common counts, and the judgment was reversed and the cause remanded.

In the case at bar the policy of insurance should not have been admitted in evidence under the declaration. (Concordia Fire Ins. Co. v. Heffron, *ante;* Supreme Lodge, etc., v. Meister, *ante;* Russell v. Gillmore, 54 Ill. 147; Phœnix M. L. Ins. Co. v. Baker, 85 Ill. 410, 415; Mutual Accident

Assn. v. Tuggle, 138 Ill. 428, 432; Rollins v. Duffy, 14 Ill. App. 69, 72.

For the reason indicated the judgment of the Circuit Court is reversed and the cause remanded.