PATRICK H. HEFFRON

*v.*

THE ROCHESTER GERMAN INSURANCE COMPANY.

*Opinion filed December 20, 1905—Rehearing denied April 11, 1906.*

1. PLEADING—*when declarations are prima facie for different causes of action.* A declaration consisting of one count upon an account stated, and an amended declaration containing two counts upon a contract of fire insurance, setting out the policy in full, and one count upon an account stated, are *prima facie* for different causes of action, since a recovery upon an insurance policy cannot be had under the common counts.

2. SAME—*identity of causes of action must be determined from inspection of declarations alone.* Under section 23 of the Practice act, relating to amendments, the identity of the causes of action set up in the original and amended declarations is to be determined by the court, as a question of law, from the inspection of the declarations alone; and it is not proper to consider extrinsic evidence, such as an affidavit of counsel or the bill of exceptions of the trial under the original declaration.

3. SAME—*order allowing amended declaration to be filed is not an adjudication of the identity of causes of action.* An order of the court allowing an amended declaration to be filed is not an adjudication that the causes of action in the original and amended declarations are the same, and the allowance of the amendment does not preclude the filing of a plea of the Statute of Limitations to the amended declaration.

4. SAME—*section 23 of Practice act is not a transcript of the Massachusetts statute.* Section 23 of the Illinois Practice act is not a transcript of the Massachusetts statute on the same subject, such as requires the courts of Illinois to adopt the Massachusetts rule of construction permitting a court to receive extrinsic evidence to ascertain the plaintiff's intention in bringing his suit, as an important element in determining the identity of the causes of action set out in the original and the amended declarations.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. F. A. SMITH, Judge, presiding.

J. M. H. BURGETT, for appellant.

BATES, HARDING & ATKINS, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The original declaration in this case, as shown by the abstract, consisted of a count upon an account stated, with no special count. A judgment in favor of the plaintiff was reversed by the Appellate Court on the ground that the policy of insurance should not have been admitted in evidence under a declaration containing only the common counts. (89 Ill. App. 659.) After the cause had been reinstated on the docket of the circuit court the plaintiff obtained leave to amend the declaration. The amended declaration contained three counts, the second being upon an account stated, and the first and third being upon a contract of fire insurance, the policy, which was for $2500, being set out in full in the first count. To this amended declaration the defendant filed the plea of non-assumpsit, and to the first and third counts two other pleas, setting up, respectively, as defenses, the twelve months limitation clause of the policy and that the cause of action did not accrue within ten years. The plaintiff joined issue on the plea of non-assumpsit and traversed the other two pleas, concluding to the country. The defendant filed the *similiter* to these replications. Upon these issues the case was tried the second time.

After all the evidence had been introduced the defendant moved the court for a peremptory instruction, and the plaintiff, as against this motion, presented to the court, for the consideration of the court but not as evidence for the jury, an affidavit by his attorney, the *præcipe* for summons and the bill of exceptions containing the evidence and rulings on the former trial, for the purpose of showing that the cause of action for which the plaintiff was seeking to recover on the second trial, under his amended declaration, was the same as that for which he originally intended to bring this

action. The circuit court refused to consider the evidence so offered, on the ground that the cause of action for which the plaintiff originally intended to bring this suit must be ascertained from the original declaration and cannot be shown by extrinsic evidence. The plaintiff duly excepted. Thereupon the court gave the peremptory instruction, on the ground that the cause of action contained in the amended declaration was other than, and different from, the cause of action set up in the original declaration, and was barred, under the terms of the policy, by the fact that more than one year elapsed after the right to bring suit arose before the amended declaration was filed, and was also barred, under the Statute of Limitations, by the fact that more than ten years elapsed after the cause of action had accrued before the amended declaration was filed. The plaintiff duly excepted to the giving of the peremptory instruction. A verdict was returned for the defendant and judgment was rendered accordingly. This judgment has been affirmed by the Appellate Court, and the case is before us on appeal from that court.

Appellant presents a multitude of points and cites a large number of authorities, but there are really only two questions before this court for consideration, the first being whether or not the first and third counts of the amended declaration set up another and different cause of action from that contained in the original declaration, and the second being whether or not the court, in passing upon the motion for a peremptory instruction, should have considered the affidavit and bill of exceptions offered by the appellant.

*First*—Upon the face of the pleadings, and without reference to extrinsic facts, it is manifest that the counts of the amended declaration which plead specially the contract of insurance set up a different cause of action from the count upon an account stated in the original declaration.

In *Russell* v. *Gillmore,* 54 Ill. 147, it was held that a recovery cannot be had, in an action for money had and

received, on a special contract, the breach of which is the *gravamen* of the action.

In *Fish* v. *Farwell,* 160 Ill. 236, it was held that where the original declaration contained the common counts only, additional counts alleging an executory contract by the plaintiffs to manufacture and sell and by the defendants to select from samples and buy goods, and a refusal of the defendants to select, buy and receive the goods, set up a distinct cause of action, as to which the bar of the Statute of Limitations will apply where the statutory period expires after the commencement of the suit and before the filing of such additional counts.

It has been held by the Appellate Court that a recovery upon a policy of insurance cannot be had under the common counts. *Supreme Lodge* v. *Meister,* 78 Ill. App. 649; *Concordia Fire Ins. Co.* v. *Heffron,* 84 id. 610.

For additional authorities bearing on this question and which lend support to the holding of the Appellate Court just mentioned, see *Rockford Ins. Co.* v. *Nelson,* 65 Ill. 415; *Phœnix Mutual Life Ins. Co.* v. *Baker,* 85 id. 410; *Mutual Accident Ass.* v. *Tuggle,* 138 id. 428; *Chicago, Burlington and Quincy Railroad Co.* v. *Jones,* 149 id. 361.

But it is urged that a recovery could have been had under the count upon an account stated if appellant could have proved an adjustment of the loss, and a promise, express or implied, to pay the amount, and that under the special count the appellant would not be required to prove even that much in order to recover. In such case, however, the recovery under the count upon an account stated would not be upon the policy of insurance, but upon a different contract, that is to say, the promise to pay the amount found due upon an accounting together. These are different contracts and constitute different causes of action.

*Second*—It is contended by counsel for the appellant that the court is not limited to a consideration and comparison of the original and amended declarations, but may receive

extrinsic evidence, such as the affidavit and bill of exceptions offered in this case, for the purpose of determining whether the amended declaration sets up a new cause of action or is for the claim for which the action was intended to be brought.

Certain propositions of law, thoroughly established by the decisions of this court, should be borne in mind in the consideration of this question.

If the original declaration fails to state any cause of action whatever, the cause of action set up by amendment, after the Statute of Limitations has run, is barred. *Mackey* v. *Northern Milling Co.* 210 Ill. 115; *Doyle* v. *City of Sycamore,* 193 id. 501; *Foster* v. *St. Luke's Hospital,* 191 id. 94.

If an amendment to a declaration re-states, in different form, the same cause of action set up in the original declaration, the filing of the amendment relates back to the commencement of the suit and the Statute of Limitations is not a bar. *Chicago City Railway Co.* v. *McMeen,* 206 Ill. 108; *Chicago and Eastern Illinois Railroad Co.* v. *Wallace,* 202 id. 129.

If an amendment introduces a new cause of action it is regarded as a new suit commenced when the amendment is filed, and the Statute of Limitations may be pleaded accordingly. *Chicago City Railway Co.* v. *McMeen, supra; Fish* v. *Farwell, supra.*

Failure of the defendant to object and except to the filing of an amended declaration is not a waiver of his right to plead the Statute of Limitations; nor is the order of the court allowing an amended declaration to be filed an adjudication that the causes of action set up in the original and amended declarations are the same. *Mackey* v. *Northern Milling Co. supra; Chicago City Railway Co.* v. *Cooney,* 196 Ill. 466.

Now, it is urged by the appellant that section 23 of the Practice act, passed in 1872, is practically a transcript of the

Massachusetts statute on the same subject, passed in 1863, and that the adoption of the Massachusetts statute brought with it the construction which had been put upon that statute by the Massachusetts Supreme Court,—that is to say, that the court, in allowing an amendment of a declaration, may receive extrinsic evidence for the purpose of ascertaining the intention of the plaintiff in bringing his suit as the important element in the question of the identity of the causes of action.

But the Illinois statute is not a transcript of the Massachusetts statute. The latter seems to have been a mere form followed in the enactment of the former, many changes having been made, some unimportant and some essential. Among these changes are, the insertion in the Illinois statute of the words "in a civil suit;" the omission of the words "except as otherwise provided;" the insertion of the words "on such terms as are just and reasonable;" the enlargement of certain phrases and the condensation of others; the substitution of the word "claim" for the word "cause;" the omission of the important sentence, "the cause of action shall be considered to be the same for which the action was brought, if the court finds that it is the cause of action relied on by the plaintiff when the action was commenced, however the same may be misdescribed;" and the substitution of the words "identity of the action" for the words "identity of the cause of action." As to the last change, the substitution of the word *action* for the words *cause of action,* this court has held the change of phraseology to be so radical as to render inapplicable in this State the numerous decisions of the Massachusetts Supreme Court holding the judgment of the court allowing the amendment conclusive evidence of the identity of the cause of action. (*Fish* v. *Farwell, supra.*) On the contrary, it has been repeatedly held by this court, as has already been shown, that after the allowance of an amendment the Statute of Limitations may be pleaded, and that the allowance of an amendment does not in any manner interfere with the interposition of this defense.

It is worthy of observation that the Massachusetts statute does not stop with the bare statement that amendments may be allowed which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought. Evidently the law-makers doubted the sufficiency of this provision (which is all there is in the Illinois statute on the subject) to effectuate their intention. Therefore an additional clause was inserted in the statute, defining under what circumstances the cause of action should be considered to be the same for which the action was intended to be brought, which explanation or definition is in the following language: "If the court *finds* that it is the cause of action *relied on* by the plaintiff when the action was commenced, however the same may be misdescribed." All this is omitted from the Illinois statute. Why? Evidently because the General Assembly of this State did not intend to adopt the definition of the Massachusetts statute, or the decisions of the Massachusetts Supreme Court construing that statute, as the law of Illinois on the subject.

It seems to be admitted that in all the decisions of this court upon the statute in question,—and there are many of them,—such decisions have been based upon the pleadings, without reference to extrinsic evidence. But it is said that this is because the question has never been presented in any other manner, and that in no case decided by this court was evidence ever offered for the purpose of showing for what claim the plaintiff intended to bring his suit and that the amendment was for that claim.

While it is true that the precise question now before this court has not been directly decided, yet there are statements in some of the opinions which are in opposition to the construction insisted upon by appellant, and the trend of the decisions is along the line which was followed by the lower courts in this case.

In *Fish* v. *Farwell, supra,* the court was asked to consider the bill of particulars, in connection with the original

declaration, in determining what was the original cause of action. Among the reasons assigned why this could not be done is the following: "But, in any event, we are wholly unable to see how the bill of particulars helps out the original declaration. A court cannot go outside of the declaration to ascertain the cause of action. (*Hart* v. *Tolman,* 1 Gilm. 1.) A notice or stipulation filed with the declaration forms no part of the declaration, and the declaration cannot be aided by reference to it." In the same case it is also said: "The allegations contained in the original declaration, and also those found in the additional counts, are in the record of the very cause that is before the court for adjudication. In the nature of things there are no extrinsic facts by which they are to be explained. They lie open to the court and are subject to its inspection and consideration, and the court must determine, as a question of law, whether the causes of action appearing in the additional or amended pleadings are separate and distinct causes of action from those originally declared upon, or mere re-statements, in different form, of the same causes of action declared upon in the original declaration. The interpretation and construction to be placed upon pleadings is a question of law for the court, and not a question of fact for the jury. It would be absurd, and a confusion and destruction of the law, to submit to the decision of a jury the matter of the legal identity of the several causes of action which are alleged in the pleadings in a cause."

Along the same line is the statement in a recent opinion of this court, which is as follows: "The question whether a new cause of action was introduced or whether the identity of the original cause of action was preserved is to be determined, as a question of law, by an inspection of the original and amended declarations." *Metropolitan Life Ins. Co.* v. *People,* 209 Ill. 42.

We hold that the correct construction of the statute in question is that the identity of the causes of action is to be

determined by the court, as a question of law, by the inspection and consideration of the original and amended declarations. It follows that the circuit court did not err in refusing to consider the affidavit or bill of exceptions or in instructing the jury to find for the defendant, and that the Appellate Court did not err in affirming the judgment of the circuit court.

For the reasons indicated the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*