## Patrick H. Heffron v. Concordia Fire Insurance Company.

### Gen. No. 13,586.

1. STATUTE OF LIMITATIONS—*when amended declaration sets up new cause of action.* An amended declaration sets up a new cause of action where it pleads specially a policy of insurance, the original declaration consisting merely of the consolidated common counts.

2. SUPREME COURT—*effect of decisions of, with respect to Appellate Courts.* The Appellate Courts are conclusively bound by the decisions of the Supreme Court of the state.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed January 27, 1908.

J. M. H. BURGETT, for appellant.

BATES, HARDING & ATKINS, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of *nil capiat* and for costs rendered against the appellant, who was plaintiff below. The suit was originally brought in the Circuit Court on April 4, 1894, by the appellant against the appellee. May 10, 1894, a declaration on an account stated was filed. November 15, 1898, a judgment for $5121.67 was rendered by the Circuit Court in favor of the plaintiff. This court reversed the judgment on the ground that no recovery could be had on the insurance contract in question on the declaration filed, and that a special count was necessary. Concordia Co. v. Heffron, 84 Ill. App. 610.

January 8, 1900, the mandate of the Appellate Court remanding the cause was filed in the Circuit Court, and the next day the cause was there redocketed.

It was dismissed on April 23, 1900, for want of pro-

secution, but reinstated on the ground that the dismissal was in 'effect the result solely of mistake or misprision of the clerk. We do not think it necessary to discuss the propriety of this reinstatement or the power of the court to make it. The bill of exceptions in relation to it does not show a seal of the judge, nor is there any cross-assignment of error on the part of the appellee raising the question. The intendments are in favor of the power of the court, in the absence of error assigned and shown.

April 7, 1904, an amended declaration was filed in said cause, containing three special counts on a policy of insurance for certain whiskey destroyed by fire on April 7,. 1893, which belonged to the plaintiff and was insured by the defendant, and a count on "an account stated" in the common form.

October 3, 1906, amended pleas were filed by the defendant to this amended declaration. The first was the general issue; the second was to the first three counts of the declaration, and set up the Statute of Limitations of five years; the third was to the same counts, and was of a limitation of twelve months contained in the policy sued on; the fourth to the same counts was of the Statute of Limitations of ten years.

To the first plea the plaintiff filed a *similiter,* and to the other three general demurrers.

On the demurrers being overruled on October 10, 1906, the plaintiff elected to stand by them, and dismissed the fourth count of his declaration. The judgment appealed from followed.

It is manifest in this record that if either of the three special pleas was good, the judgment should be affirmed. Therefore it is necessary only for us to decide if the demurrer to the fourth plea was properly overruled. This certainly does not admit of serious question in this court.

The same history which we have detailed as that of this case to the present time, was practically the history of a companion suit brought in the Circuit Court

by Heffron for the same loss against the Rochester German Insurance Company on another policy on the property destroyed. In that case, as in this, suit was brought on April 4, 1894, and on May 11, 1894, a declaration on "an account stated" was filed. March 4, 1899, a judgment was entered for the plaintiff by the Circuit Court for $3212.85. The defendant appealed, and the appeal was heard by the Branch Appellate Court, where the judgment was reversed on the same grounds which caused the reversal by this court of the judgment against the Concordia Company. Rochester German Insurance Company v. Heffron, 89 Ill. App. 659. Thereupon the cause was redocketed in the Circuit Court, and on March 10, 1904, an amended declaration was filed therein, containing special counts on the policy of insurance. A plea of non-assumpsit and pleas of a limitation of twelve months stipulated in the policy itself, and of the Statute of Limitation of ten years were pleaded by the defendant. To these special pleas general replications traversing them were filed by the plaintiff. On the trial the court instructed the jury to find for the defendant on the ground that the cause of action set up by the amended declaration was different from the cause of action set up in said original declaration, and was barred under the terms of the policy sued on by the fact that more than one year elapsed after the loss by fire for which plaintiff sought to recover, before said amended declaration was filed, and was barred under the Statute of Limitations by the fact that more than ten years elapsed after such loss before said amended declaration was filed.

The plaintiff's counsel presented to the Circuit Court at the trial an affidavit and the bill of exceptions filed when the case had been before tried, for the purpose of showing that the cause of action for which the plaintiff was seeking to recover under his amended declaration was the same as that for which plaintiff originally intended to bring the suit; but the

court refused to consider such affidavit or bill of exceptions on the ground that 'the cause of action for which plaintiff originally intended the suit to be brought must be ascertained from the original declaration filed therein.

It will be seen that at this point in that case there was presented precisely the question which is presented in the case at bar, namely: Considering the amended declaration and the original declaration by themselves, was the plea of the Statute of Limitations good to the former? The plaintiff certainly is in no better position in the present case, where he has raised the question by demurrer to the plea of the statute, than he was in the Rochester Company case, where he raised it by replication.

Either method is allowable doubtless, but the essential matter is that the question raised in each proceeding was whether, comparing the original declaration with the amended declaration, the court was right in saying that the amended declaration stated a new cause of action.

The plaintiff appealed from the judgment of the Circuit Court in the case of Heffron versus the Rochester German Insurance Company, and this court affirmed the judgment, saying: "The questions presented are questions of law, namely—first, whether the action is barred by the provision in the contract limiting the time for bringing suit to twelve months after the fire; and, second, whether the suit is barred by the Statute of Limitations. The solution of both these questions depends on the question whether the amended declaration states a new cause of action."

On the authority of Fish v. Farwell, 160 Ill. 236, and other cases decided by the Supreme Court, we held that the suit was barred by the limitation in the contract and by the Statute of Limitations. Heffron v. Rochester German Insurance Co., 119 Ill. App. 566. We also said in that case: "The court refused to consider the affidavit or the bill of exceptions, and

this is assigned for error. The ruling was proper. 'A court cannot go outside of the declaration to ascertain the cause of action.' Fish v. Farwell, *supra*."

From this court the plaintiff took an appeal to the Supreme Court, where our judgment was affirmed, the court saying:

"First: Upon the face of the pleadings and without reference to extrinsic facts, it is manifest that the counts of the amended declaration, which plead specially the contract of insurance, set up a different cause of action from the count upon an account stated in the original declaration.

"Second: * * * We hold that the correct construction of the statute in question is that the identity of the causes of action is to be determined by the court as a question of law by the inspection and consideration of the original and amended declarations.

"It follows that the Circuit Court did not err in refusing to consider the affidavit or bill of exceptions, or in instructing the jury to find for the defendant, and that the Appellate Court did not err in affirming the judgment of the Circuit Court." Heffron v. Rochester Ins. Co., 220 Ill. 514.

In view of this decision and opinion of the Supreme Court in the Rochester Company case, the following language of the opinion of Mr. Justice Adams, speaking for our court, in the same case, has even increased applicability to the present appeal:

"Assuming that the learned counsel well knows that we are bound by the decisions of the Supreme Court, his argument must be intended ultimately for that court and made on the hypothesis that this court in such cases as the present is a necessary half-way station on the route from the trial court to the Supreme Court."

Counsel indeed places his case, in his reply brief, on the erroneousness of the decision of Heffron v. Rochester Ins. Co. (*supra*), by the Supreme Court, and admits that that case does hold adversely to his

contention. But he says the holding is not the law, and that the decisions of the court are only "evidence of the law," and in that case "not strong evidence of the law."

The decisions of the Supreme Court of Illinois are not only strong but conclusive evidence of the law to us.

The judgment of the Circuit Court is affirmed.

*Affirmed.*