Walter Sarkosian, Appellee, v. American Constitution Fire Assurance Company, Appellant.

444

Opinion filed September 19, 1932.

TAYLOR, CHASNOFF & WILLSON and LOUIS KLINGEL, for appellant.

PHILIP G. LISTEMAN, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

This is an action in assumpsit upon a fire insurance policy, to recover for loss by fire of the property insured.

It appears from the declaration that appellant issued its policy of fire insurance, in the sum of $1,000, upon the household goods and personal effects of appellee, on February 10, 1931, in consideration of a single premium of $12.50. On April 23, 1931, the goods insured were totally destroyed by fire. The policy contained a provision that "This entire policy . . . shall be void . . . if the subject of insurance be personal property, and be or become incumbered by a chattel mortgage."

To the declaration appellant pleaded the general issue and several special pleas, to which appellee replied; after which they were withdrawn, and appellant, by leave of court, then filed an additional special plea, which set up the provisions of the policy just quoted. This plea averred that appellee, in violation of such covenant, had caused and permitted a chattel mortgage, in the sum of $65, to be and remain a lien upon a portion of the insured property; that such incumbrance existed when the policy was issued, and remained thereon at the time of the fire; that the total value of the goods insured was $1,500; that appellant had no knowledge of the existence of the chattel mortgage, until after the fire, when, upon learning of same, it tendered back to appellee the premium paid by him, with interest from the date of the policy to the time of

tender; that appellee, as a consequence, has no cause of action upon said contract of insurance.

To this plea there was filed a general demurrer, which the court sustained. Appellant elected to abide by its plea. Judgment was rendered for appellee in the sum of $935 (being the difference between the face of the policy and the amount of the chattel mortgage) and costs, and appellant seeks, by this appeal, to reverse such judgment.

Appellant's position is stated thus: "The insurance policy involved in this suit expressly provides that 'this entire policy . . . shall be void . . . if the subject of insurance be personal property, and be or become incumbered by a chattel mortgage.' Appellant's additional special plea sets up this clause, and then charges that in violation thereof appellee caused a chattel mortgage to be and remain a lien upon a substantial portion of the insured personal property without the knowledge or consent of appellant. Does this allegation present a good defense to appellee's declaration? That is the only question in this case."

Appellant contends the policy is entire and indivisible, and that the chattel mortgage voids the entire policy, and brings the case within the rule established by the Supreme Court in the recent case of *Capps v. National Union Fire Ins. Co.*, 318 Ill. 350, in which a policy of fire insurance had been executed, for a single premium, upon a dwelling house, in the amount of $1,200, and upon the furniture contained in said dwelling, in the like sum of $1,200. The policy contained a clause to the effect that the entire policy should be void if the interest of the insured should be other than sole and unconditional ownership. The insured owned the furniture, but did not have title to the dwelling. The court, after an extensive citation of authorities, declared the rule to be that if the property insured is so circumstanced that any change of risk, on one item, cannot be accomplished without affecting the hazard

on the remaining items, the policy should be taken as entire, and not subject to division. If, however, the situation of the property was of the character that the risk on the different items insured was distinct from the others to the extent that affecting the risk on one would not alter the risk on the others, the policy should be regarded as severable, as to the items insured. The court held, under the facts of such case, that the risk was common; that the breach with reference to the title to the building increased the moral hazard of the risk on the furniture contained in the dwelling; that therefore the contract was indivisible, and the breach of the condition as to ownership prevented a recovery on any item of the property covered by the policy.

The parties apparently are of the opinion that the doctrine so announced governs the instant case. Appellant, on page eight of its brief and argument, states that ''The rule laid down in the *Capps* case is the law of this case. Under that rule, if the policy of insurance is severable as to the items of property insured, a chattel mortgage on a part of the property only voids the insurance on the part so mortgaged. If, on the other hand, the policy is indivisible, the mortgage, even though only on a part of the property, invalidates the policy as to the whole of it.'' Appellee, while admitting that same is controlling, contends that appellant, by its plea, has not brought itself within the rule announced.

Both parties having invoked the doctrine of said case as sustaining their respective contentions, we shall test the plea by the rule thus declared, to determine its sufficiency as a defense.

It is obvious that before appellant can be absolved from liability, within the requirement as declared in the *Capps* case, two elements must concur. First, there must have been a chattel mortgage placed upon a portion of the goods insured, in violation of the terms of the contract; and, second, its consequence be

that it affect or increase the risk on the other items of property insured, but not mortgaged. The first element is averred; the second is wholly omitted from the plea. In *Illinois Fire Ins. Co. v. Stanton*, 57 Ill. 354, at page 358, the court, in discussing a plea of this nature, in a situation analogous to the case at bar, held that forfeitures of insurance policies are not regarded with favor by the courts, and that a party who relies, for defense, upon the forfeiture of a contract, must plead every fact necessary to show the forfeiture, upon which reliance is placed, and that if any material element of the same is lacking, the plea is substantially defective, and fails to state a defense; and to the same effect is 26 Corpus Juris, 500.

The plea, tested by the requirement of the rule in the *Capps* case, failed to state a material and necessary averment. It should, by apt allegations, have charged that the mortgaging of a portion of the chattels insured increased or affected the risk on the remaining items of personalty which were covered by the policy, but not included within the mortgage. Lacking in this essential element, it was substantially defective, and properly attacked by appellee's demurrer. *Mutual Accident Ass'n v. Tuggle*, 138 Ill. 428.

The ruling of the court was right, and the judgment will be affirmed.

*Judgment affirmed.*