## CHARLES E. HOVEY

*v.*

## ROBERT THOMPSON & CO.

1. INSTRUCTIONS—*should not exclude any facts which ought to be considered.* In an action to recover the amount of an account, the plaintiff gave in evidence certain pass books. The court instructed the jury "that they add up the pass books to ascertain the amount thereof." This was calculated to mislead the jury, as they might have understood it as directing them that the books were of that character of evidence which would exclude from their consideration all other questions except the amount when footed up as extended by the person making the entry, when there were other questions to be considered in making up their verdict.

2. The goods sued for were sold and delivered· to one Soper, as the plaintiffs alleged, on the credit of the defendant, Hovey, and by his arrangement. The court instructed the jury that if they believed, from the evidence, that the goods in question were sold on the credit of Hovey, by his arrangement, they would find for the plaintiffs. This instruction is subject to the same objection as the preceding. It should have been so modified as to have informed the jury that if the goods were purchased on the credit of Hovey, and had not been paid for, then they should find for the plaintiffs.

3. EVIDENCE—*pass books.* Where a person in dealing with a merchant, uses a pass book which is presented to the merchant when articles are purchased, and they are entered in the book which is returned to the buyer with the goods, in an action by the merchant to recover for the goods thus sold, the pass book, it seems, is admissible in evidence for the plaintiff, but is only proper evidence to fix the amount of the goods purchased. Where the pass book was used by a third person for whose use the goods were being bought, the book would not tend in any degree to prove the goods were sold on the credit.of the defendant.

4. PRACTICE—*jury taking papers given in evidence on their retirement.* Papers and books given in evidence upon a trial may properly be taken by the jury on their retirement to consider of their verdict.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. CHARLES EMERSON, Judge, presiding.

This was an action of assumpsit instituted in the court below by Robert Thompson & Co., against Charles E. Hovey, to recover for goods, wares and merchandise sold and delivered.

It appears the plaintiffs, Thompson & Company, were merchants, doing business at Bloomington, in this State. The goods sued for were sold and delivered to one Thomas H. Soper, but, as the plaintiffs allege, at the request and upon the credit of the defendant, Hovey.

Soper, it seems, was a contractor in the erection of the Normal University building, which was in course of construction at Bloomington at the time the account sued upon was made. Hovey was a member of the Board of Education who had charge of the enterprise, and one of the building committee having in charge, to some extent, the construction of the building.

On the trial, the plaintiffs offered in evidence certain pass books which were used by Soper during the time the account was running, the character of which will appear from the testimony of *David Gillespie,* as follows: From November, 1857, to July, 1861, I was book-keeper for Thomas H. Soper, part of the time in Chicago and part of the time here; Soper was the contractor for the wood work in the Normal University building. Two small books—one with, the other without a cover—were then shown to the witness. He was asked if he recognized the books, and what they were. He replied that they were pass books. On being asked whose, he replied that they were Soper's pass books; that when he wanted goods he sent those books to R. Thompson & Co., and they sent the goods, with the charges for the goods in the books, and returned the books with the goods.

These pass books were used by Soper and Hovey, in settlement between themselves, for the amount of goods purchased; and orders were given by Soper to Hovey, on the Board of Education, for such amounts.

The pass books were then offered in evidence, and were admitted against the objection of the defendant, who excepted. They were made up of entries of items with the amounts extended in a column, each page being footed up and the result carried forward to the next page.

The remaining evidence it is not necessary to notice, as it is not involved in the decision of the case. Upon the closing of the testimony, the court instructed the jury for the plaintiffs as follows:

1. The court instructs the jury that they add up the pass books to ascertain the amount thereof.

2. If the jury believe, from the evidence, that the goods in question were sold on the credit of C. E. Hovey, by his arrangement, they will find for the plaintiffs.

To the giving of which, the defendant excepted.

The jury, upon retiring to consider of their verdict, were allowed to take with them the pass books and certain bills of lading which had been given in evidence, to which the defendant objected. They returned a verdict for the plaintiffs for $759.77. A new trial was refused, and judgment was entered upon the verdict.

The defendant thereupon sued out this writ of error, and now questions the propriety of giving the instructions for the plaintiffs, and allowing the jury, on their retirement, to take with them the pass books and bills of lading which had been given in evidence.

Mr. W. H. Hatch for the plaintiff in error.

Mr. E. M. Prince for the defendants in error.

Mr. Chief Justice Walker delivered the opinion of the court:

The giving of the first and second instructions for plaintiff below is assigned as error. They are these—1st, The court

instructs the jury that they add up the pass books to ascertain the amount thereof; and 2d, If the jury believe, from the evidence, that the goods in question were sold on the credit of C. E. Hovey, by his arrangement, they will find for the plaintiffs. These instructions, we think, were calculated to mislead the jury. The first only requires them to add up the pass books to find the amount of goods charged upon them. The jury might have understood the instruction as directing them that the books were of that character of proof as precluding all other questions than the amount when footed up as extended by the person making the entry, whilst, if the proof satisfied them that the goods were obtained on the credit of Hovey, still it was their right to ascertain whether the price was correctly carried into these columns. And it was also for them to ascertain from the evidence, even if the goods were sold on the credit of plaintiff in error, whether any portion of them had been paid for by a previous settlement or otherwise, whilst this instruction seems, by implication at least, to inform the jury that they only had to ascertain the amount as charged and to allow it against plaintiff in error. This instruction should have been modified before it was given.

The second should have been modified by informing the jury that if they were purchased on the credit of plaintiff in error, and had not been paid for, then they should find for defendant in error. The goods may have been purchased on Hovey's credit and by his arrangement, and yet they may have been paid for at the former settlement, at least in part, and this question should have been clearly presented to the consideration of the jury. We think it was not, by this instruction, and that they may have been misled by it.

The pass books were only proper evidence to fix the amount of the goods purchased, and were only proper to be considered for that purpose, in case the jury were satisfied that Hovey authorized defendants in error to furnish them to Soper. The books did not, in the slightest degree, tend to prove that Hovey had given such authority. That was a

fact which had to be proved by other evidence than the pass books.

It is again objected, that the jury were permitted to take the pass books and bills of lading with them when they retired to consider of their verdict. They were offered and read in evidence, and were thereby in the possession of the jury, and could be taken from the bar to their room. (Scates' Comp., 261, Sec. 30, Practice Act.) There was no error in this, but for the reasons already given, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*