## ALLEMANIA INSURANCE COMPANY

### v.

### DANIEL LITTLE ET AL.*

1. LIMITATION—INSURANCE POLICY.—Where an insurance policy con-
tained a stipulation that no action should be sustainable against the com-
pany unless commenced within six months next after the fire occurred,
and a fire broke out during the evening of August 23, 1884, and extending
over into the 24th, *held*, that a suit begun February 24, 1885, was barred
by the limitation clause, and could not be sustained.

2. INSURANCE—NEGOTIATIONS FOR SETTLEMENT NOT A WAIVER.—Mere
negotiations for a settlement are not sufficient to show a waiver of such
condition of limitation.

APPEAL from the Superior Court of Cook county; the
Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed De-
cember 16, 1886.

This was an action by appellees against appellant, upon a
policy of insurance issued by the latter to the former June
21, 1884, whereby appellant insured appellees, in the sum of
one thousand dollars, upon certain specified parts of a steam
saw mill situate upon leased ground, and situate at Duluth, in
the State of Minnesota, against loss or damage by fire or
lightning, for the period of one year from June 28, 1884.
Said amount was divided by the policy into three sums, re-
spectively applied to three different parts of said property;
and the policy contained a stipulation that no suit or action
against the company should be sustainable unless such suit
or action " shall be commenced within six months next after
the fire has occurred."

The action was assumpsit, and was commenced February
24, 1885. The defendant pleaded (1) non-assumpsit; (2) a special
plea, setting out said condition and averring that the fire oc-
curred August 23, 1884, and this suit was not commenced
until February 24, 1885, and so was not brought within the

* See Phœnix Ins. Co. v. Lebcher, 450.

time limited in said condition. To this plea plaintiffs replied, first, by traversing the averment as to suit not having been brought within six months next after the fire occurred; secondly, by setting up negotiations for a settlement as a waiver of said condition. To this latter replication the defendant demurred, and the court sustained the demurrer. Upon a trial by jury, the issues were found for the plaintiffs and their damages assessed at $1,060, for which judgment passed, and defendant brings the case here by appeal, the bill of exceptions containing all the evidence and proceedings, including a motion for a new trial.

On the trial the policy declared on was given in evidence, which, aside from the condition above mentioned, contained, among others, the following condition, for breach of which the policy should become void: "By the failure or neglect of the assured to notify this company that a contract has been signed to sell the property so insured."  *  *

It appeared that the parties assured were a firm composed of D. E. Little, W. G. Peck and O. H. Simonds, the plaintiffs; that before the policy was issued, and September 7, 1883, the following contract was signed and delivered:

"September, 7, 1883.

"It is agreed between D. E. Little and W. G. Peck, of one part, and O. H. Simonds of the other part, that said first party agree to sell their undivided two-thirds interest in the saw mill property of Little, Peck & Co., on Rice's Point, Duluth, to said Simonds, for the sum of $16,667, and also convey all their interests in the leases on which said saw mill and yard is situated, the premises being described as blocks 2, 10, 14, 39, 150, and north half of blocks 4, 8 and 10, Rice's Point, Duluth, Minnesota, and its appurtenances.

"Said Simonds agrees to purchase said saw mill at the price above named, and agrees to pay $2,500 in three days, 2,500 in fifteen days, $5,000 in forty-five days, and balance within six months.

"Above sale to include all tramways westerly of the railroad tracks and the saw mill tracks, thirty-two in number.

"Conveyance shall be made January 1, 1884.

"Daniel E. Little,

"W. G. Peck,

"O. H. Simonds."

It appeared that Simonds had paid upon this contract the sum of seven thousand dollars, previous to January 1, 1884, but nothing since.

It appeared that in the proofs of loss made on behalf of the plaintiffs and verified by the oath of said Simonds, there is this statement: "A fire occurred on the 23d day of August, A. D. 1884, at about the hour of 8 o'clock p. m., by which the saw mill property was destroyed or damaged to the extent of $41,543.91, and originated as follows, viz., from the boiler room in the saw mill of Little, Peck & Co."

Said Simonds testified, "that the fire broke out at 8 o'clock in the evening of August 23d, and continued to burn during that night and a portion of the next day."

One White, a witness for plaintiffs, testified that the "fire commenced on the night of the 23d of August, 1884, and lasted a couple of days before we got it out." There was no other evidence tending to show when the fire occurred.

At the instance of the plaintiffs, the court gave to the jury the following instructions:

"It is also claimed by the defendant that the suit was not commenced within the period of six months from the *destruction* of the property insured by fire limited in the policy. As to this question, the court instructs you, that it is for the jury to say from all the evidence when the property insured was *destroyed* by fire. If you find from the evidence that it was *so destroyed* within six months from the beginning of this suit, which was February 24, 1885, then your verdict will be for the plaintiffs for the amount of the policy."

The defendant requested the court to give to the jury this instruction:

"The court instructs the jury that if they believe from the evidence that the property covered by the policy in question

was destroyed by fire, and that such fire occurred on the 23d day of August, 1884, and that the suit for the recovery of the loss sustained was not commenced until the 24th day of February, 1885, then the plaintiffs, under the condition of said policy, can not recover, and the jury must find for the defendant."

This the court refused to give as asked, but modified it by adding: "But what the facts are in the case, as to when the fire occurred and when the property was destroyed, must be determined by the jury, by a consideration of all the evidence in the case." Exception was duly taken to the giving said instruction on behalf of plaintiffs, and the refusal to give that as asked on behalf of defendant.

Mr. D. J. SCHUYLER and Mr. MYRON H. BEACH, for appellant.

Messrs. FLOWER, REMY & GREGORY, for appellee.

McALLISTER, P. J. We are of opinion that the court below erred in giving the instruction on the part of the plaintiffs respecting the defense under the limitation clause in the policy, and in refusing that asked on behalf of defendant as to that defense. By that given for plaintiffs the court told the jury that it was claimed by the defendant that the suit was not commenced within six months from the destruction of the property insured; that as to that, it was for the jury to say, from all the evidence, when the property was destroyed by fire, and if they should believe from the evidence that it was so destroyed within six months from the bringing of the suit, which was February 24, 1885, then the jury should find for the plaintiffs the amount of the policy.

The insurance was against loss or damage by fire or lightning. The condition prescribing the limitation was that no suit or action against the company for the recovery of any claim by virtue of the policy should be sustainable in any court, " unless such suit or action shall be commenced within six months next after the fire has occurred."

It is manifest from that language that the six months begin to run from the happening of the fire, and not from the destruction of the property insured. An action, if brought within six months next after the fire had occurred, would lie upon the policy to recover for property damaged, and which had, in no proper sense, been destroyed.

The defense set up under the limitation clause, was not that the suit had not been commenced within six months next after the *destruction* of the property, but that it had not been so brought within six months next after the fire occurred. So that plaintiffs' said instruction misstated in their own favor what the defendant claimed as a defense, and what was the real point in issue. It was misleading, therefore, to a degree that must have been prejudicial to the defendant, as the case stood upon the evidence bearing upon the real issue.

If the fire occurred, within the fair meaning of that clause, on the 23d day of August, 1884, then the suit not having been brought until the 24th day of February, 1885, it was too late, and the defense under the limitation clause was made out.

The fire was the cause, the destruction of or damage to the property insured would be consequences. The fire may have occurred, within the meaning and intention of said clause, on the 23d day of August aforesaid, and the destruction of the property may not have been fully consummated until the 24th day of the same month. It will not do to say that the fire had not occurred, unless the ruins had ceased to burn and smoke, and the destruction of the property had become complete.

The plaintiffs, in their proof of loss, deliberately made in writing and verified by oath, stated that the fire occurred on the 23d day of August, 1884. While, in the first instance, the burden was on the defendant to establish its defense, under the plea setting up the limitation clause and non-compliance with it on the part of the plaintiffs, yet, when the plaintiffs introduced their proofs of loss in evidence, stating that the fire occurred on the 23d day of August as aforesaid, then we think the burden of proof became shifted, and it was for the plaintiffs to show that the fire, which indisputably broke out

in their steam saw mill about eight o'clock in the evening of said 23d day of August, had not, during the remainder of that day, progressed to such a degree as to cause the substantial destruction of any of the three items or parts of said mill property, covered by the three respective sums of the whole amount insured, into which that amount was divided and applied by the policy. No evidence at all was offered by them tending to show the progress which the fire had made at the closing hour of that day, except what may be inferred from said statement made by them in their proof of loss.

The instruction for plaintiffs under consideration withdrew from the jury every other question of fact, and directed them to find for the plaintiffs the amount in the policy, if they found from the evidence that the destruction of the property was within six months from the bringing of the suit. The general issue was pleaded and that part of the instruction was clearly improper. Hovey v. Thompson, 37 Ill. 538.

The instruction which the defendant asked, and the court refused to give as asked, was, that if the jury believed from the evidence that the property covered by the policy in question was destroyed by fire, and that such fire occurred on the 23d day of August, 1884, and that suit for the recovery of the loss sustained was not commenced until the 24th day of February, 1885, then the plaintiffs, under the condition of said policy, can not recover.

That instruction was pertinent to the actual issue, and embodied a correct rule of law in perfectly clear language. The defendant had an undoubted right to have it given as asked; but the court modified it by importing into it a reference to the question, when was the property destroyed? That was error. The State, etc., v. Wilson, 2 Scam. 225; Cohen v. Schick, 6 Bradwell, 286.

Cross-error is assigned by plaintiffs below, upon the ruling of the court sustaining the defendant's demurrer to their second replication, which set up, as a waiver of the limitation clause, mere negotiations for settlement of the loss, which did not terminate until said 24th day of February, 1885.

We are of opinion that mere negotiations for a settlement are

not sufficient to show a waiver of the condition. Gorden v. Amoskeag Fire Ins. Co., 20 N. H. 73.

Other points for reversal have been presented by the counsel for appellant, which we have not the space to give in their discussion. We have fully considered those relating to the contract of September 7, 1883, and as to the state of the title, and do not think they are tenable. For the errors pointed out the judgment below will be reversed and the cause remanded.

Judgment reversed.