## Ernest F. Richter, etc., v. Michigan Mutual Life Insurance Company.

1. PLEADING—*Special Contracts Must be Pleaded.*—The common counts in assumpsit and a special count declaring upon a policy of insurance are for distinct and different causes of action, and the policy declared upon in the special count is not evidence to sustain the common counts.

2. STATUTE OF LIMITATIONS—*Runs Against a New Cause of Action Introduced by Amendment.*—Where an amendment or additional count brings forward a new or different cause of action it is regarded as a new suit begun at the time when such amendment or additional count is filed and the statute of limitations may be pleaded to the new matter.

3. LIMITATIONS—*By Private Contract.*—There is no difference in principle between the barring of a cause of action by the statute of limitations and by the limitation fixed by a private contract.

Assumpsit, on an insurance policy. Appeal from the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 30, 1896.

Schuyler & Kremer, attorneys for appellant.

McCartney & Giddings, attorneys for appellee.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

One Max Richter held a policy of insurance upon his life, issued by the appellee, for $3,000, payable at his death to his mother, and died March 5, 1891.

Payment being refused, on the ground that a matured premium note was unpaid, suit was begun by the mother, and summons issued on December 2, 1891, and a declaration, consisting only of the common counts, was filed January 22, 1892.

Subsequently, and on May 20, 1895, the death of the mother, as plaintiff, was suggested, and the cause was ordered to proceed in the name of her administrator, the appellant. Thereafterward, on October 29, 1895, in pursuance of leave obtained, an additional special count, counting upon the policy, was filed.

To this it was specially pleaded that the suit arising out of the policy contract, set out in the special count, was not begun within one year after the death of the insured, and to such plea plaintiff replied that the cause of action stated in the special count was the same cause of action sued on originally. There is no question but the time limited by the policy, within which suit must be begun, was one year after the death of the insured.

Waiving all other considerations urged upon our attention, it will be enough to pass upon the single question whether the court erred in instructing the jury to find for the appellee, upon the ground that the claim was barred by the limitation or condition of the policy.

It was held, in Rockford Ins. Co. v. Nelson, 65 Ill. 415, that in declaring upon the contract of a policy of insurance, the policy, or a sufficient portion of it to show a right of recovery, must be set out, either in terms or in substance; that the money being payable only upon the insured per-

forming certain precedent acts, all such acts should be set out and their performance averred. And the same rule has been followed in subsequent analogous cases.

It would seem that that decision, in connection with Fish v. Farwell, 160 Ill. 236, conclusively settles the question that the cause of action stated in the additional special count filed in 1895, was another and different one from that stated in, and provable under, the common counts, filed in 1892. In the last cited case it is said:

"When a new cause of action is introduced by an amendment to the declaration or by an additional count, the defendant may plead the statute of limitations, separately, to that part of the declaration. Where an amendment or additional count brings forward a new or different cause of action, it is regarded as a new suit, begun at the time when such amendment or additional count is filed. * * * In Gorman v. Judge, etc., 27 Mich. 138, which was cited by this court with approval in Chicago, Burlington & Quincy Railroad Co. v. Jones, *supra*, it was held that a declaration upon the common counts in assumpsit, and one upon a special contract, are for distinct and different causes of action, where the basis of recovery under the latter is such that there could be no recovery under the former, and that such former declaration can not be amended so as to set forth a new and distinct cause of action upon a special contract which has become barred by the statute of limitations since the original declaration was filed."

And then follows a pointing out of a distinction between the identity of the action, as referred to in Sec. 23 of the practice act, concerning amendments before judgment, and the identity of the cause of action.

We discover no difference in principle, between the barring of a cause of action by the statute of limitations, and its being barred by the limitation fixed by contract.

The judgment of the Superior Court is affirmed.