## Patrick H. Heffron v. Rochester German Insurance Company.

### Gen. No. 11,895.

1. NEW CAUSE OF ACTION—*when additional counts set up.* Where the original declaration consisted merely of the common counts which were judicially held insufficient, an amended declaration containing special counts set up a new cause of action.

2. NEW CAUSE OF ACTION—*what will not aid, in determination of question as to whether additional counts set up.* Neither the affidavit of counsel nor the bill of exceptions filed as the basis of a previous appeal, will be considered in connection with determining whether additional counts set up a new cause of action.

3. APPELLATE COURT—*bound by decisions of Supreme Court.* The Appellate Court will not consider questions of law as of first impression where such questions have been passed upon and judicially determined by the Supreme Court of the state.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed April 10, 1905.

**Statement by the Court.** April 4, 1894, the appellant sued appellee, in assumpsit. The declaration, filed May 11, 1894, consists of the consolidated common counts, including a 'count on an account stated. The defendant, the insurance company, pleaded the general issue, and such proceedings were had that, March 4, 1899, the plaintiff, Heffron, recovered judgment for the sum of $3,212.83, from which judgment the defendant appealed to this Court, and the judgment of the trial court was reversed and the cause remanded. Rochester German Insurance Co. v. Heffron, 89 Ill. App. 659. March 10, 1904, the cause having been redocketed in the Circuit Court, the plaintiff, by leave of court, filed an amended declaration, consisting of two counts. April 27, 1904, plaintiff filed a third or additional count. The first count is, in substance, as follows:

For that defendant is a corporation organized and existing under and by virtue of the laws of the State of New York, and heretofore, to-wit: on June 10, 1892, at Chicago,

made its certain policy of insurance, and delivered the
same to plaintiff, and, for the consideration therein ex-
pressed, promised plaintiff, by name of P. H. Heffron, in
the terms of said policy and the conditions thereto annexed,
which said policy and conditions here follow, to-wit:

"No. 63467.                                        $2500.
The
Rochester German Insurance Company
of Rochester, N. Y.

In consideration of the stipulation herein named and of
$22 premium, does insure P. H. Heffron for the term of
one year from June 16, 1892, to June 16, 1893, against
all direct loss or damage by fire, to an amount not exceeding
$2,500, to the following described property while located
and contained as described herein, to-wit: '$2,500 on whis-
key in barrels, and barrels containing the same, owned by as-
sured or held by him in trust, or on commission, or sold,
but not delivered, while contained in the bonded warehouse
No. 24, Government No.——, of Glenmore Distilling Com-
pany's Distillery, situated at Owensboro, Ky.'

If fire occur insured shall give immediate notice of any
loss thereby in writing to the company; make a complete
inventory of the property damaged or destroyed, stating
the quantity and cost of each article, and the amount
claimed thereon; and within 60 days after the fire, shall
render a statement (commonly called a proof of loss) to the
company signed and sworn to by said insured, stating his
knowledge and belief as to time and origin of the fire, the
interest of insured and others in the property, the amount
of loss thereon, all incumbrances thereon, for what purpose
the building containing it was occupied at the time of the
fire; and the loss shall not become payable until 60 days
after such notice and proof of loss have been received by
the company.

No suit or action on this policy, for the recovery of any
claim, shall be sustainable in a court of law or equity until
after full compliance by the insured with all the foregoing

requirements, nor unless commenced within twelve months next after the fire.

This policy is made and accepted subject to all stipulations and conditions contained therein, and no officer, agent, or other representative of this Company shall have power to waive any provision or condition of this policy."

Plaintiff avers that he had an interest in the property to the amount insured; that April 7, 1893, the property was destroyed by fire, of which he gave immediate notice to the company, and, also, within 60 days, rendered a statement to the company, signed and sworn to by him, that there was no other insurance on the property; that the defendant, after the fire, declined to ascertain or estimate the loss, and has refused to appoint an appraiser for that purpose, etc.

The second count is on an account stated.

The third count is, in substance, that the defendant, being indebted to plaintiff on a certain contract of insurance, in the sum of $7,000, promised to pay the same, etc.

The defendant pleaded the general issue to the whole declaration, and to the first and third counts two special pleas: first, that neither of the causes of action set out in said first and third counts accrued to plaintiff within one year prior to filing said counts, and that plaintiff's suit, as to said causes of action, was not brought within twelve months after the fire occurred; second, that none of the causes of action averred in said first and third counts accrued to plaintiff within ten years next before the filing of the same. A similiter was filed to the general issue and replications to the special pleas. At the close of the plaintiff's evidence the court, on the defendant's motion, instructed the jury to find for the defendant.

J. M. H. BURGETT, for appellant.

BATES, HARDING & ATKINS, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court. The fire which destroyed the insured property occurred

April 7, 1893, and the amended declaration was filed in 1904. By the contract between the parties the time for bringing suit is limited to twelve months next after the fire. The plaintiff had, by the contract, sixty days after the fire, or until about June 6, 1893, in which to furnish to the defendant proof of loss, so that plaintiff might have commenced suit in June or July, 1893. Two counts of the amended declaration were filed March 10 and the third count April 27, 1904, both dates being more than ten years after the cause of action accrued. There is no controversy between the parties as to the fact that the amended declaraiton was filed more than ten years after the cause of action accrued. By the statute, suit on a written contract is barred unless brought within ten years after the cause of action accrued. There being no controversy between the counsel as to the facts, the questions presented are questions of law, namely: first, whether the action is barred by the provision in the contract limiting the time for bringing suit to twelve months after the fire; and, second, whether the suit is barred by the Statute of Limitations. The solution of both these questions depends on the question whether the amended declaration states a new cause of action. The original declaration, as shown in the statement preceding this opinion, consisted solely of the common counts; whereas the amended declaration consists of a special count on the insurance policy, in the usual form, a count on an account stated and an *indebitatus assumpsit* count. It was held in the former appeal that there could be no recovery under the common counts, and it is not claimed, in the present appeal, that there can be any recovery under the second or third counts, which are common counts, so that the inquiry must be confined to the original declaration and the first count of the amended declaration. We are unable to distinguish this case, in principle, from Fish v. Farwell, 160 Ill. 236. In that case the original declaration "contained the common counts only." Ib. 239. The amended declaration contained special counts setting forth a contract between the parties and alleging a breach

thereof by the defendants, to the damage of the plaintiffs. Ib. 246. The court held, citing Hart v. Tolman, 1 Gilm. 1, that "a court cannot go outside of the declaration to ascertain the cause of action." Distinguishing between the original and amended declaration, the court say: "In Gorman v. Judge, etc., 27 Mich. 138, which was cited by this Court with approval in Chicago, Burlington and Quincy Railroad Co. v. Jones, *supra,* it was held that a declaration upon the common counts in assumpsit, and one upon a special contract, are for distinct and different causes of action, where the basis of recovery under the latter is such that there could be no recovery under the former, and that such former declaration cannot be amended so as to set forth a new and distinct cause of action upon a special contract which has become barred by the Statute of Limitations since the original declaration was filed, since that would be to permit the fiction of relation to nullify an act of the legislature. In the case at bar the original declaration alleged a sale and delivery by plaintiffs and a refusal by defendants to pay the price or value. The gist of the additional counts is, that the parties entered into an executory contract, by which the plaintiffs agreed to manufacture and sell, and the defendants to select from samples, order and buy, cloaks of the cost value of $125,000 within a certain period, and that the plaintiffs were ready and willing to make and deliver the cloaks, but that the defendants would not select, order, buy and receive them. These causes of action are separate and distinct from each other— in fact wholly different and utterly inconsistent." Ib. 247-8.

We do not understand counsel for plaintiff to contend that the case of Fish v. Farwell, and numerous other cases, are not against his contention. On the contrary, he impliedly admits this, saying: "But these decisions were rendered prior to enactment of the Act of 1872, (Sec. 23 of Practice Act), or merely following decisions rendered prior to 1872, or decisions following such decisions, and were rendered in ignorance of the existence of the act of 1872, and

Heffron v. Rochester German Ins. Co.

are of no binding force. Such are the following:" Here follows a long list of cases, among which are Eylenfeldt v. Ill. Steel Co., 165 Ill. 185; Foster v. St. Luke's Hospital, 191 Ib. 94, and Chicago City Ry. Co. v. Leach, 182 Ill. 359, in which last case Fish v. Farwell is cited with approval.

Counsel for plaintiff, at the close of plaintiff's evidence, introduced before the jury and presented to the court his own affidavit and the bill of exceptions in the former appeal, for the purpose of showing and having the court find, as matter of fact, that plaintiff intended, when he commenced suit, April 4, 1894, to sue on the insurance policy. But the court refused to consider the affidavit or bill of exceptions, and this is assigned as error. The ruling was proper. "A court cannot go outside of the declaration to ascertain the cause of action." Fish v. Farwell, *supra*. The elaborate argument of counsel for plaintiff is mainly an attempt to prove that the court, in some cases, has omitted to consider section 23 of the Practice Act, and, in other cases, has misinterpreted it. Assuming that the learned counsel well knows that we are bound by the decisions of the Supreme Court, the argument must be intended, ultimately, for that court, and made on the hypothesis that this court, in such cases as the present, is a necessary half way station on the route from the trial court to the Supreme Court. We have omitted to consider the questions of law presented as of first impression, or to cite any of the numerous cases in support of and following the case of Fish v. Farwell, as to do so would be a mere waste of time.

We are of opinion that the suit was barred by the limitation in the contract. Peoria M. & F. Ins. Co. v. Whitehill, 25 Ill. 382; Metropolitan Acct. Assn. v. Clifton, 63 Ill. App. 153. Also, that the suit was barred by the Statute of Limitations. The court did not err in taking the case from the jury.

The judgment will be affirmed.

*Affirmed.*