## Western Coal & Dock Company v. Traders Insurance Company.

### Gen. No. 4,555.

1. INSURANCE POLICY—*when action should be instituted by virtue of limitation clause.* Where a policy provides that action thereon must be brought within a specified period " next after the fire," the time begins to run from the day the fire broke out and not from the date of its extinguishment.

2. INSURANCE POLICY—*what does not arrest running of limitation clause in.* The commencement of an action and the filing therein of the common counts does not arrest the running of the limitation fixed by the policy for the commencement of action thereon.

3. INSURANCE POLICY—*what does not arrest running of limitation clause in.* The fact that the policy provides for the appraisement of the loss and gives to the company a specified time for submission of proofs of loss in which to pay the claim, does not arrest the running of the limitation clause as to the time within which action upon the policy must be instituted.

Action of assumpsit. Appeal from the Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1905. Affirmed. Opinion filed August 1, 1905.

LAWRENCE & FOLSOM, for appellant.

BATES, HARDING & ATKINS and PERRY L. PERSONS, for appellee.

MR. JUSTICE FARMER delivered the opinion of the court.

This suit was brought by appellant to recover upon a fire insurance policy on its docks at Waukegan, Illinois, upon

which to pile coal. September 11, 1902, a fire occurred in the coal, said to be from spontaneous combustion. It continued to burn until November 11th, before they were able to extinguish it. The parties being unable to agree upon the amount for which appellee was liable, entered into an appraisal agreement under the provisions of the policy, whereby the question was submitted to appraisers, each party selecting one and the two so selected, selecting a third. The award of the appraisers was returned in writing March 20, 1903. This suit was begun by filing a *præcipe* and causing a summons to issue September 24, 1903. A declaration consisting of the common counts only was filed September 25th. To this declaration appellee pleaded the general issue. December 10, 1903, appellant by leave of court, filed an additional count declaring specially upon the policy of insurance and setting it out *in haec verba.* To this count appellee filed the general issue and four special pleas. It will hardly be necessary to analyze these pleas, the replications thereto and the court's rulings thereon, in the view we take of the case, further than to show upon what questions the cause was disposed of by the court below. Among the defenses set up by the pleas, was that the suit had not been begun within twelve months after the fire, as required by the terms of the policy, and we agree with appellant's counsel that "this is the most important point in the case and if decided against appellant ends the controversy at once." To the pleas interposing the limitation of the time of one year within which, by the terms of the policy, suit must be brought, appellant replied the condition of the policy reserving to the company the period of sixty days within which to make payment after proofs of loss were received or an award made by appraisers in case of a disagreement between the parties, and alleged that the parties being unable to agree, an appraisal was made and an award returned March 20, 1903, and that the time within which the action might be brought began to run from that date. To these replications the court sustained demurrers and appellant electing to stand by its replications, judgment was rendered in favor of appellee.

The policy provides that no suit or action shall be brought thereon "unless commenced within twelve months next after the fire," and one question to be determined is, whether that clause has reference to the time the fire broke out or the time it was extinguished. In Allemania Ins. Co. v. Little, 20 Ill. App. 431, the policy provided no suit should be maintained unless brought "within six months next after the fire had occurred." The fire in that case began August 23rd, and was extinguished August 24th. Suit was begun to recover on the policy February 24th following, and it was held the limitation began to run from the date the fire began and the action was therefore barred.

The validity of a contract between the parties limiting the time within which the action may be brought has been often sustained, and is not questioned here, and we are disposed to hold that the time within which suit must be brought under the provisions of this policy should be reckoned from September 11th, the date the fire broke out, and not from November 11th, the date of its extinguishment. It would make no difference, however, in this case if the time be computed from the extinguishment of the fire. The original declaration did not count upon the policy of insurance, but consisted merely of the common counts. The additional special count declaring upon the policy of insurance and setting it out *in haec verba* was not filed until December 10, 1903. The filing of the common counts did not arrest the running of the twelve months' limitation, and so far as the suit on the policy of insurance here involved is concerned, the action is to be considered as if it had been begun December 10th, which was one year and one month after the fire was extinguished. Fish v. Farwell, 160 Ill. 236; Heffron v. Rochester Ger. Ins. Co., 119 Ill. App. 566; Richter v. Ins. Co., 66 Ill. App. 606; Hawley v. Simons, 157 Ill. 218; Rockford Ins. Co. v. Nelson, 65 Ill. 415; Mutual Accident Ass'n v. Tuggle, 138 Ill. 428; Russell v. Gillmore, 54 Ill. 147; Allemania Ins. Co. v. Little, *supra;* Rollins v. Duffy, 14 Ill. App. 69.

But it is insisted by appellant that the limitation did not

begin to run until after the award was made by the appraisers. The policy provides that in case of fire the insured shall, within sixty days, make and furnish to the company proofs of loss, and that the same shall not become payable until sixty days after such proofs are made and received, or in case the loss is determined by appraisers, within sixty days after the return of their award. The policy provides the manner of the selection of appraisers in cases where the parties cannot agree upon the loss and damage. In this case the parties being unable to agree, appraisers were appointed under the provisions of the policy and made their award on the 20th day of March, 1903, as before stated, and appellant contends that the limitation period began to run from the date of the award. The arbitration agreement in the policy provides that the appraisement is only for the purpose of ascertaining the loss and does not waive or invalidate any other right or rights of the parties to it. In Platt v. Aetna Ins. Co., 153 Ill. 113, where a similar clause was construed, it was held that the submission to arbitration did not affect the rights of the parties except as to the amount of the actual loss. In Johnson v. Humboldt Ins. Co., 91 Ill. 92, the policy provided that the damage sustained should be paid sixty days after proofs of loss were made by the assured and received at the office of the company. The policy further provided that no suit should be begun against the company until after an award was made fixing the amount of the claim in the manner provided in the policy, "nor unless such suit or action shall be commenced within twelve months next after the loss shall occur." In that case the fire occurred July 14, 1874, and proofs of loss were made and furnished the company July 21st. Suit was begun September 13, 1875. This was more than one year after the loss occurred, but less than one year after the expiration of the sixty days allowed the company to pay it after receiving the proofs of loss. The contention of the assured was that the limitation did not begin to run until after the expiration of the sixty days, but the Supreme Court held otherwise and said:

"The two clauses considered together, obviously provide that the company shall have sixty days within which to make payment, after notice and proof of loss, but in no event should a suit or action be commenced after the expiration of twelve months from the date of the fire producing the loss." The Supreme Court affirmed the judgment of the Appellate Court (1 Ill. App. 309), where in an opinion by Mr. Justice Bailey, after a discussion of the same questions considered by the Supreme Court, it is said : "We see no injustice arising from construing the limitation clause in this case according to the plain and obvious meaning of the language employed, and we fail to perceive any principle upon which any different interpretation can be applied." The same view was held in Allemania Ins. Co. v. Little, *supra*, and Phoenix Ins. Co. v. Lebcher, 20 App. 450. These cases, we think, conclusive of the question. Appellant cites a number of federal cases and decisions of other States where it has been held the limitation does not begin to run until after the expiration of the sixty days reserved by the company to make payment; but our Supreme Court in the Johnson case expressed itself as unwilling to adopt or follow the decisions of other jurisdictions upon this question, and that decision is binding upon us.

There is no claim in this case that appellee waived its right or did anything to estop it from interposing the defense of the limitation fixed by the policy. The award of the appraisers was returned nearly six months before the expiration of the one year after the fire began and nearly four months before the expiration of the period of one year after it was extinguished. During all that period it does not appear that appellee did anything to induce appellant to refrain from bringing suit. We are of opinion, therefore, that the judgment is correct and it is affirmed.

*Affirmed.*