# Emma L. Hartzell, Plaintiff in Error, v. Maryland Casualty Company, Defendant in Error.

## Gen. No. 15,727.

1. INSURANCE—*what does not excuse failure to bring action within limitation period.* The bringing of a suit on a policy of insurance in a court not having jurisdiction to hear and determine it on its merits, which suit was afterwards dismissed by the court for that reason, is not such a compliance with and satisfaction of the terms of a clause of the policy sued on which provides for the bringing of suit thereon within

the limitation period as that thereafter the only limitation to the bring-ing of an action on such policy in a court having jurisdiction is that provided by statute.

2. INSURANCE—*effect of limitation period for bringing of suit.* Whether the limitation is by statute or by contract, it applies to the case in which the judgment was rendered that is attacked by appeal or writ of error. No matter how many other suits were begun and dis-missed or how many other declarations were filed in the identical case, if the new case is begun or the new count or declaration setting out a new cause of action is filed after the limitation by statute or con-tract has run, the right of recovery is barred.

Error to the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 4, 1911.

HORTON & MILLER, for plaintiff in error; A. L. BALLAS, of counsel.

J. F. DAMMANN, JR., for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

This is a suit begun August 24, 1908, in the Munici-pal Court of Chicago by Emma L. Hartzell, the bene-ficiary named in an accident insurance policy issued by the defendant for five thousand dollars taken out by her husband, John H. Hartzell.

The declaration sets out the policy *in haec verba.* The nineteenth paragraph of the policy contains the following provisions:

"Legal proceedings for recovery hereunder may not be brought until after three months from date of filing final proofs at the Company's Home Office, nor brought at all, unless begun within six months from time of death * * *"

It is further averred in the declaration that the said John H. Hartzell died September 14, 1905, as the re-sult of external injuries, within the terms of the policy.

The defendant on the 2d day of November, 1908,

filed the general issue and two special pleas. The special pleas each set up the substance of the nineteenth paragraph of the policy above quoted, and aver that suit was not begun within the time limited by the contract. To the plea of the general issue the plaintiff filed a similiter, and to the special pleas replied in substance that suit was begun in Henderson county, Illinois, within the time limited by the contract, but that such suit was not disposed of on its merits, but was dismissed on October 4, 1906, by that court for want of jurisdiction, and that the bringing of the suit in Henderson county satisfied the requirements of the limitation clause in the policy, and that by reason of the bringing of that suit there, within the six months' limitation clause, that clause constituted no bar to the bringing of this action.

A demurrer to this replication was interposed by the defendant and on a hearing was sustained by the court. The plaintiff elected to stand by her replication, and judgment was entered by the court against the plaintiff in bar of her action for costs.

To review this judgment the plaintiff prosecutes this writ of error. The question presented for determination is whether the bringing of a suit on this policy of insurance in a court not having jurisdiction to hear and determine it on its merits, which suit was afterwards dismissed by the court for that reason, is such a compliance with and satisfaction of the terms of the nineteenth clause of the policy above quoted as that thereafter the only limitation to the bringing of an action on such policy in a court having jurisdiction is that provided by statute, or in other words, whether the bringing of the suit in Henderson county arrested the running of the limitation in the policy agreed upon between the insured and the insurer. It is conceded by counsel for plaintiff in error that, if the beginning of the suit in Henderson county does not have that effect, then the judgment below must be affirmed.

It is insisted by plaintiff in error that the term "legal proceedings" as used in paragraph nineteen of the policy of insurance above quoted, means "any proceedings in a court to enforce a claim, * * * Such proceedings to enforce a claim as the law sanctions and authorizes," and that "a suit is a legal proceeding."

That contention is correct in the abstract, but as applied to a state of facts like those in the case at bar needs the qualification that such legal proceedings must be the suit in which the limitation is set up as a bar, and not some other proceeding disposed of before the commencement of that suit. The clear intention of the parties in making the stipulation in question was to limit the time to a period not less than three nor more than six months after the right to recover on the policy had accrued, within which suit could be begun to enforce the claim, and the "legal proceedings" contemplated were such as should result or at least could result in the adjudication of the differences between the parties.

The intention clearly was that such proceedings should be begun in some court having jurisdiction of the subject-matter and of the parties. The language used is "Legal proceedings for recovery hereunder." Manifestly it was not intended by that to refer to a proceeding begun in a court without jurisdiction and where recovery could not be had. In the case of Griem vs. The Fidelity & Casualty Company, 99 Wis. 530-534, cited by counsel for plaintiff in error the court says, "Legal proceedings within the purview of this stipulation must mean, such proceedings to enforce the claim *as the law sanctions or authorizes* * * *." And again in *In Re Emsile,* 102 Fed. 293, also cited by him the court says, "A legal proceeding is any proceeding in a court of justice by which a party pursues a remedy *which the law affords him* * * *."

The law neither sanctions, authorizes nor affords a

remedy in a proceeding begun before a court having no jurisdiction.

It is not, however, necessary in this case to draw nice distinctions as to whether the suit in Henderson county is one which the law sanctions or authorizes, or whether the law affords plaintiff a remedy in that suit, because it is now the settled law in this state that, whether the limitation is by statute or by contract, it applies to the case in which the judgment was rendered that is attacked by appeal or writ of error. No matter how many other suits were begun and dismissed or how many other declarations were filed in the identical case, if the new case is begun or the new count or declaration setting out a new cause of action is filed after the limitation by statute or contract has run, the right to recovery is barred.

In the case of Baker vs. Baker, 139 Ill. App. 217, there was a limitation by contract. A suit was begun within the limitation, in the United States Court, and was afterwards on the suggestion of the court dismissed by complainant "without prejudice." Afterwards and about four months after the expiration of limitation by contract, a new suit was begun in the Superior Court of Cook county, wherein the bill set out the contract, the former suit and its dismissal. The defendants demurred, urging that the suit was not commenced within the limitation. The court sustained the demurrer and dismissed the bill. The Appellate Court in affirming that judgment on page 231 of the opinion says: "We are of the opinion that the limitation in paragraph 6 of the trust agreement constitutes a bar to the present suit and that the commencement of the suit in the United States Court, which was subsequently dismissed by the complainant, was not a compliance with the limitation."

In that case the court cites with approval, and as a basis of its conclusion, the case of Riddlesbarger v. Hartford Insurance Company, 7 Wall. 386, and the

case of Arthur v. Homestead Fire Ins. Co., 78 N. Y. 462. The Riddlesbarger case was a suit on an insurance policy containing a limitation clause. One suit had been begun within the limitation and dismissed after the limitation had run. A second suit was afterwards begun, the defendants pleaded the limitation by contract, and the plaintiff replied setting up the commencement of the first suit, the defendant demurred, and as to that question the court says: "The action mentioned which must be commenced within twelve months *is the one which is prosecuted to judgment,* the failure of a previous action from any cause cannot alter the case. The contract declares that an action shall not be sustained unless such action, not some previous action, shall be commenced within the period designated. It makes no provision for any exception in the event of the failure of an action commenced and the court cannot insert one without changing the contract, * * * the commencement therefore of the present action within the period designated was a condition essential to the plaintiff's recovery, and this condition was not affected by the fact that the action which was dismissed had been commenced within that period."

The Arthur case was a fire insurance case with a limitation by contract. A suit was begun within the stipulated limitation and plaintiff was non-suited and the suit disposed of by the opinion cited was begun after the expiration of that limitation. In that case the court, speaking of the first suit, says: "That the plaintiff's counsel failed to proceed in that action, and paying the costs thereof abandoned it, cannot tend to the advantage of the plaintiff or confer a new right against his adversary, and the commencement of that action does not bring the present within the limitation, neither does its failure extend the time."

In the case of Heffron vs. Rochester Ins. Co., 119 Ill. App. 566, and in 220 Ill. 514, suit was brought on

a policy of insurance within the time limited within the policy; the declaration contained only the common counts. After the time limited for bringing the action had expired the plaintiff filed a special count on the policy, a plea of limitation was interposed, and the court holds that the special count sets up a new cause of action which was barred by the limitation clause in the policy. In that case the Appellate Court on page 569 uses the following language: "* * * the questions presented are questions of law, namely, first, whether the action was barred by the provisions of the contract limiting the time for bringing suit to twelve months after the fire, and second, whether the suit is barred by the statute of limitations. The solution of both these questions depends on the question whether the amended declaration states a new cause of action." The court then holds that the special count sets out a new cause of action, and on page 571 further says: "We are of the opinion that the suit was barred by the limitation in the contract." And the Supreme Court affirmed the Appellate Court in the 220 Ill. 514.

In the case of Richter v. Michigan Mutual Life Ins. Co., 66 Ill. App. 606, the court holds, there is no difference in principle between a cause of action being barred by statute of limitations and the barring of such cause of action by limitation fixed by contract.

The case of Western Coal & Dock Co. vs. Traders Insurance Co., 122 Ill. App. 138, was a suit on a policy of insurance, and, as in the Heffron case, plaintiff first, and within the time limited, filed the common counts and after the limitation had run filed a special count on the policy. The court holds that the filing of the common counts did not arrest the running of the stipulated twelve months' limitation, and that so far as the cause of action set out in the special count was concerned, the suit must be treated as begun when the special count was filed.

Counsel for plaintiff in error while confessing the

correctness of the holdings in the cases cited insist that there is a distinction to be drawn between the limitation clause in the case at bar and that found in the cases cited: that to say, "No suit or action shall be brought unless begun" within a certain time named has a broader meaning than to say, "Legal proceedings shall not be brought unless begun" within a certain time named. We do not regard the difference in the phraseology to be significant so long as the purpose is made clear to require the bringing of the action to recover on the policy within a certain time named, and we find that such limitation clauses couched in many different forms of expression have been upheld, as for example:

In the Riddlesbarger case:

"That no suit or action of any kind against said company for the recovery of any claim upon, or by virtue of the said policy shall be sustainable in any court of law or chancery, unless such suit or action shall be commenced within the term of twelve months next after the loss or damage shall occur, and in case any suit or action shall be commenced against said company after the expiration of twelve months next after such loss or damage shall have occurred, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim thereby so attempted to be enforced."

In Arthur vs. Home Insurance Company, 78 N. Y. 462:

"No suit or action against this company for the recovery of any claim under or by virtue of this policy, shall be sustained in any court of law or equity, unless commenced within the term of one year after any claim shall accrue; and in case such suit or action shall be commenced against the company after the end of one year next after such loss or damage shall have accrued, the lapse of time shall be taken and admitted as conclusive evidence against the validity of the claim,

thereby attempted to be enforced, any statute of limitation to the contrary notwithstanding.''

In Harrison vs. Fire Insurance Co., 67 Fed. 298:

''No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity * * * unless commenced within twelve months next after the fire.''

In Harrison vs. Hartford Ins. Co., 102 Ia. 112, 115; (71 N. W. 220):

''No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire.''

In Lewis vs. Metropolitan Ins. Co., 62 N. E. 369; (180 Mass. 317, 318):

''No suit shall be brought or action commenced after six months from the date of the death of the insured, it being understood and agreed that, if any suit or action be commenced after said six months, the lapse of time shall be taken to be conclusive evidence against any claim, the provisions of any and all statutes of limitations to the contrary being hereby waived.''

In Chichester vs. N. H. F. Ins. Co., 74 Conn. 510:

''No suit or action * * * shall be sustainable * * * unless commenced.''

In Guthrie vs. Indemnity Assn., 101 Tenn. 643:

''Agreed that no action shall be maintained.''

In Williams vs. Greenwich Ins. Co., 98 Ga. 532:

''No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity, until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire.''

In Melson vs. Phenix Ins. Co.—Marill vs. Home Ins. Co., 97 Ga., 722, which were consolidated, one policy reads:

''Unless such suit or action shall be commenced,''

etc., and the other, "No suit or action shall be sustainable unless commenced within twelve months."

In Keystone Mutual Benefit v. Morris, 115 Pa. St. 446, 447; (8 Atl. 637):

"No suit or action at law, under this contract, shall lie against this association, unless the same be brought within one year from and after the death of the insured; and this policy is issued and accepted upon the express conditions that said period of time be the limit of the right of action at law under this contract."

In McElroy vs. Continental Insurance Co., 48 Kan. 201; (29 Pac. 478):

"It is hereby covenanted and agreed that no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after an award shall have been obtained, nor unless commenced within twelve months next after the fire, exclusive of any time consumed in arbitration or appraisal."

In Prudential Insurance Company vs. Howle, 10 Ohio C. D. 290:

"No suit or action at law or in equity shall be maintained * * * until after the filing in the principal office of the company, of the above mentioned proof of death, nor unless such suit or action shall be commenced within six months next after the decease of the person insured under this policy."

In Provident Fund Society vs. Howell, 110 Ala. 508; (18 So. 311):

The clause in the policy reads exactly as that in the case at bar; that is, "no legal proceedings for recovery under the policy shall be brought * * * nor at all unless begun within six months." In construing this clause the court says on page 510:

"The stipulation is too plain for construction. In express and unambiguous words, it provides that no suit shall be brought after six months from the date the proofs are received."

In this holding of the Alabama Court we fully concur.

Plaintiff in error strenuously insists that the conduct of the defendant in the Henderson county case was such as to excuse plaintiff in not bringing this suit within the time limited in the policy, but a careful search of the record fails to disclose any reference to what the defendant did in that case or that it did anything at all.  That question is therefore not considered.

The demurrer to the replication was properly sustained.  Judgment affirmed.

*Judgment affirmed.*