Leroy Lawson, Appellee, v. Eugene E. Fayart and Louis E. Fayart, Appellants.

**Gen. No. 8,771.**

Heard in this court at the April term, 1933. Opinion filed January 12, 1934. Rehearing denied April 3, 1934.

HICKS & FOLONIE, A. M. FITZGERALD and H. C. MOORE, for appellants.

JOHN I. MAGILL and HOOPES & PEFFERLE, for appellee.

MR. JUSTICE FULTON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Sangamon county against appellants in an action of assumpsit brought by appellee to recover damages for destruction by fire of appellee's household furniture based upon an alleged insurance agreement.

The suit was commenced on October 25, 1929, and the common counts filed on that date. On January 28, 1932, an additional count was filed and on October 15, 1932, 12 more additional counts were filed. At the close of appellee's evidence the court directed a verdict on motion of appellants to the original declaration, the additional count filed January 28, 1932, and all but the fifth, sixth, seventh and twelfth additional counts filed October 15, 1932.

Counts 5 and 12 charge that appellants represented they had authority to bind an undisclosed insurance company to a contract for insurance; that they did purport to bind such company by a contract of insurance on appellee's household furniture for one year from May 11, 1929; that the appellants lacked such authority and by reason thereof they agreed to indemnify the

appellee against loss of the property by fire in the same manner as they pretended to bind the insurance company. The sixth count alleged a personal agreement to insure on the part of appellants and the seventh count is based upon an alleged agreement on the part of appellants to procure insurance for appellee. The general issue was filed and also special pleas to the additional counts to the effect that any policy that would have been procured would have contained the usual provision that no suit could prevail unless commenced within 12 months next after the fire and that the additional counts stated entirely new and different causes of action from those stated in the common counts and were not filed within 12 months next after the fire. Demurrers to these pleas were sustained by the trial court.

Prior to May 11, 1929, appellee resided in Springfield, Illinois, and on that date moved to a farmhouse about six miles outside the said city. He had an insurance policy procured from appellants covering his household furniture at the location in Springfield and on May 10, 1929, applied for a removal permit at the office of appellants. He was told that they could not issue permits outside the fire limits on his policy and it would be necessary for him to take out some other kind of a policy. Appellee was told to secure a description of the property and return the next day, which he did. He testified that he told appellants he did not want to move until he was insured, that he paid appellants the sum of $17.25 and was informed by them that he was insured and was given the following receipt:

"Springfield, Illinois, May 11, 1929.
"Received of L. R. Lawson $17.25 as insurance on household goods.

Eugene E. Fayart and Son, by M. Grieme."
He further testified that Eugene E. Fayart asked him to sign a couple of applications for insurance and was

told that he was insured and that the premium was paid on the policy they were to procure for him. The property was destroyed by fire on the night of May 14th. The applications signed by appellee were dated May 11th. One was returned to appellants with letter dated May 14th rejecting the application. The other was mailed out by appellants on May 15th and never accepted by the insurance company. Appellants' testimony was to the effect that the applications would not be binding until approved by the insurance company, and that it was doubtful whether the company would accept the application and issue a policy. Both at the close of appellee's testimony and at the close of all the evidence, the court denied appellants' motions for directed verdict and the jury returned a verdict for appellee in the sum of $850, upon which judgment was entered.

Appellants urge among other reasons for reversal that the court erred in sustaining demurrers to appellants' special pleas of limitation. The original declaration contained merely the common counts and if it be determined that the preliminary contract was subject to all the terms and conditions of the usual form of policy to be subsequently issued, including the provision limiting the time for commencement of suit to 12 months next after the fire, then the additional counts filed more than 12 months after the fire, stated a new cause of action and were barred by the contract limitation set up in the special pleas. *Trichelle v. Sherman & Ellis, Inc.,* 259 Ill. App. 346. If in this case the testimony had only included the payment of the $17.25 by appellee for insurance on household goods as indicated by appellants' receipt, it might be argued that this judgment could be affirmed upon a contract or to enforce a contract ''to insure.'' The appellee, however, signed two written applications for the insurance, and further testified that he paid the above named sum of money to Eugene E. Fayart, one of appellants, ''for

the policy he was to get for me." Both the signing of the applications and the oral testimony of appellee expressly refer to a policy to be delivered. We are of the opinion that the rule of law stated in the *Trichelle* case, *supra,* is applicable to the facts in this case. In that case the action was brought upon a binder which did not state any of the terms of the insurance. It did, however, make reference to a policy and the court held that the terms of the usual insurance policy issued by the defendants were a part of the contract. The question in that case was very similar to the one discussed here, and the court said on page 357: "One of the provisions of defendant's form of policy, set up in its eighth plea, is that any suit or action thereon for the recovery of any claim shall not be sustainable unless commenced within twelve months next after the fire. It is undisputed that the warehouse was destroyed by fire on April 10, 1924, and that this suit was commenced by plaintiff on April 21, 1926. The suit was, therefore, barred by this limitation of the contract. (*Hartzell v. Maryland Casualty Co.,* 163 Ill. App. 221, and cases there cited.)" The same situation obtains in this case. The suit was instituted within the 12 months but only the common counts were filed and the additional counts were all filed after the 12 months' limitation had expired. The appellee could not recover upon any alleged contract for insurance set forth in any of the common counts. *Heffron v. Rochester German Ins. Co.,* 220 Ill. 514. The question becomes one of law, therefore, as to whether there may be read into the preliminary contract the terms and conditions of the contemplated policy. The doctrine announced in the *Trichelle* case is supported by *Lipman v. Niagara Fire Ins. Co.,* 121 N. Y. 454; *Sherri v. National Surety Co.,* 243 N. Y. 266, and *Cottingham v. National Mut. Church Ins. Co.,* 290 Ill. 26. Appellee contends that the above question is not properly before this court because the

abstract only contains the four counts upon which the suit was tried, whereas there were 13 counts filed. The record contains the 13 counts and the special pleas were to each of the counts, and it is proper for the court to consider the pleas as to each count. Therefore, if the pleas were good as to any of the counts which the court permitted to stand and go to the jury, it was error to sustain the demurrers to the pleas.

The conclusion reached by the court on this question renders it unnecessary to consider the other assigned errors and the judgment of the circuit court of Sangamon county is reversed as a matter of law.

*Reversed.*